JAMES G. McKINNEY, FOR AND ON BEHALF OF HIMSELF AND OTHER RESIDENTS AND TAXPAYERS OF THE WILLIAMSBURG SCHOOL DISTRICT OF ROCKINGHAM COUNTY v. THE BOARD OF COMMISSIONERS FOR ROCKINGHAM COUNTY, WESLEY D. WEBSTER, RUSSELL S. NEWMAN, VIRGINIA TILLER, C. W. ROBERTS, AND J. LEONARD POWELL AND THE ROCKINGHAM COUNTY BOARD OF ELECTIONS, ALBERT J. POST.

No. 25

(Filed 10 March 1971)

Appeal and Error § 9; Schools § 3— dismissal of appeal — moot question — proceeding to restrain school consolidation election

In a proceeding to restrain a school consolidation election, plaintiff's appeal from a judgment stating that he was not entitled to the injunctive relief sought is dismissed as moot by the Supreme Court, where the election had been held prior to the entry of judgment.

APPEAL by plaintiff from *McConnell, J.,* at the 21 May 1970 Civil Session of ROCKINGHAM, heard prior to determination by the Court of Appeals.

On 12 March 1970, the Board of Commissioners of Rockingham County adopted a resolution calling an election to be held 2 May 1970 among the qualified voters of Williamsburg Township, a portion of the Rockingham County School Administrative Unit, upon the question of whether such portion of that unit should be consolidated with the Reidsville City School Administrative Unit. The resolution provided that if the result

of the election should be in favor of the proposal, the consolidation would take effect 1 July 1970, and thereafter the same school taxes should be levied in the township as in other portions of the City Administrative Unit. The resolution recited that it had been made to appear to the commisisoners that a majority of the qualified voters who had resided for the preceding twelve months in the township had petitioned to the County and the City Boards of Education to call such an election and that each such board of education had, by resolution, thereupon requested the Board of County Commissioners to do so.

On 23 March 1970, the plaintiff instituted an action in the Superior Court of Rockingham County and filed therein a verified "Motion for Judgment," which was treated as a complaint and as an affidavit in support of the injunctive relief for which he prayed. He alleged therein that he is a citizen and resident of Williamsburg Township, that the Board of County Commissioners had adopted the above mentioned resolution calling the election and that the petition, upon which the resolution was based, was invalid because of five alleged defects therein, including his contention that it "was not duly signed by a majority of qualified voters who had resided for the preceding twelve months in the affected area." The prayer for relief was that a hearing be granted to determine whether or not the defendants "should be permanently enjoined," the conduct or action to be so enjoined not being otherwise specified, and that an order issue enjoining the defendants "from proceeding further with the preparation for or the holding of said election until such time as the Court may fix for a hearing upon this matter."

Lupton, J., thereupon, without a hearing, issued an order restraining the defendants "until further orders of this Court" from proceeding further with preparations for or the holding of such election. This order, by its terms, was to expire 30 March 1970.

On 25 March 1970, the motion of the defendants to dissolve the temporary restraining order was called for hearing before McConnell, J., their verified answer denying the alleged defects in the petition being filed the same day. The plaintiff moved to continue the matter on the ground that he had not had two days' notice of the motion for dissolution, which he contended was required by Rule 65(b) of the Rules of Civil Procedure. Judge

McConnell denied the motion for continuance and, having received evidence in the form of affidavits and testimony, entered an order vacating the temporary restraining order. The plaintiff excepted to and gave notice of appeal from this order by Judge McConnell, but such appeal was never perfected.

On 27 March 1970, the plaintiff instituted a new proceeding against the same defendants and filed therein a new "Motion for Judgment," which has been treated as a complaint. This is identical with a former "Motion for Judgment," except that (1) the second document contains a new allegation that the petition contained forged signatures, and (2) the prayer for relief was that a "preliminary injunction," rather than "an order," issue enjoining the defendants from proceeding further with preparation for the holding of the election.

The defendants again filed their verified answer denying any defect in the petition and praying that the action be dismissed and that they be permitted to hold the election pursuant to the call therefor.

The plaintiff's motion for a preliminary injunction restraining the holding of the election thereupon came on for hearing before Long, J., at the 20 April 1970 Session of the Superior Court. On two successive days Judge Long heard contentions and arguments of counsel and the testimony of witnesses. At the outset Judge Long announced, in response to an inquiry by plaintiff's counsel, that he was including in the hearing a motion to dismiss on the ground that the County and City Boards of Education had the right to call such election with or without a petition from the residents of the area affected. Plaintiff's counsel thereupon objected "to the entire proceeding" on the ground that the defendant's motion to dismiss was not filed until the preceding day. After hearing the witnesses called in support of the motion to dismiss, Judge Long denied that motion.

The defendants then orally made a further motion to dismiss for the reason that the plaintiff had not alleged that the holding of the election would cause irreparable damage to him. Plaintiff's counsel thereupon requested permission to amend his "Motion for Judgment" to allege therein irreparable injury or damage. Judge Long stated he might do so and also granted him permission to amend his prayer for relief. Thereupon, the plain-

tiff requested a continuance of the matter on the ground that, the answer having been filed on 21 April 1970, "The issues in this case had not been formed as much as ten days." Judge Long then stated that he would allow the motion of the plaintiff "for additional time to prepare the case" and that he assumed, since there was not another term of court prior to the date set for the election, that the plaintiff would amend his prayer for judgment, depending upon the outcome of the election. The hearing before Judge Long then terminated without any ruling upon the plaintiff's motion for a preliminary injunction, Judge Long setting the case for hearing at the 18 May 1970 Session of the court.

On 21 May 1970, the matter was called for hearing before McConnell, J., there having been no amendment of the plaintiff's pleading. No evidence was introduced at this hearing. After some discussion with counsel, Judge McConnell entered judgment reciting the disposition of the first case, the stipulation of counsel that the election in question was held on 2 May 1970, the vote being 300 for and 249 against the proposed consolidation, the filings of the pleadings in the second case, the defendants' motion to dismiss, the hearing and denial thereof by Judge Long and the plaintiff's motion before Judge Long for continuance. The judgment then stated that the court found as a fact that the election was held on 2 May 1970, that the two Boards of Education had, in good faith, requested the election and that the Board of County Commissioners had not abused its discretion in calling the election. The judgment then stated that, the court being of the opinion "that the plaintiff is not entitled to the relief prayed for in his motion for a preliminary injunction restraining said election," adjudged that the plaintiff's "Motion for Judgment" be denied and the costs be taxed against the plaintiff.

It is from the last mentioned judgment that the plaintiff now appeals, assigning as error that it was entered "without giving to the plaintiff benefit of a hearing as to his contentions," in violation of Art. I, § 17, of the Constitution of North Carolina and Amendment V to the Constitution of the United States.

*Benjamin P. Wrenn for plaintiff.*

*McMichael, Griffin & Post by Jule McMichael, Albert J. Post and Clark M. Holt for defendant.*

PER CURIAM.

The record shows no amendment of the plaintiff's "Motion for Judgment" considered as a complaint. In it he sought an injunction to restrain the defendants from preparing for and holding the election which the Board of County Commissioners called to be held on 2 May 1970. He complains therein of no other action or proposed action. The election having been held, this appeal is moot and is hereby dismissed without prejudice to the right of the plaintiff, if so advised, to institute a new action for such relief as he may be entitled to have against any action taken or proposed to be taken by the defendants or others pursuant to the said election.

APPEAL dismissed.