IN THE MATTER OF THE PURPORTED WILL OF ROBERT LEE DUNN

No. COA97-225

(Filed 30 April 1998)

### 1. Trial § 439 (NCI4th)— caveat to will—issue not submitted to jury—not waived

The trial court erred in a caveat proceeding by determining pursuant to N.C.G.S. § 1A-1A, Rule 49(c) the issue of whether a paper writing purporting to be a will was validly revoked where all of the parties may have been competing for their father's assets and attempting to influence his disposition thereof, there were multiple writings purporting to be wills and caveats, and propounders concede that whether this writing was properly revoked should have been submitted to the jury but was not. Although propounders argue that the caveator waived his right to a jury determination of that issue since none of the parties requested that it be submitted and the trial court failed to do so, issues with respect to the testator's capacity to revoke a will and whether the revocation occurred as a result of undue influence may not be decided by the trial judge where the facts are in dispute. In a caveat proceeding, the parties may not waive by consent or implication jury resolution of an issue upon which the evidence is in conflict and material facts are in controversy.

### 2. Wills § 72 (NCI4th)— caveat proceeding—attorney fees

The trial court did not err in a caveat proceeding by ruling upon petitions for costs and attorney fees after notice of appeal had been filed and served because the decision to award costs and attorney fees was not affected by the outcome of the judgment from which caveator appealed. Moreover, the court did not abuse its discretion in finding that prepounders' defense of the caveat was undertaken in good faith and ordering that costs and

**IN RE WILL OF DUNN**

[129 N.C. App. 321 (1998)]

attorney fees for all parties be paid by the administrator of the estate. N.C.G.S. § 1-294.

Appeal by caveator from judgment entered 5 August 1996 and order entered 16 September 1996 by Judge Ronald L. Stephens in Durham County Superior Court. Heard in the Court of Appeals 9 October 1997.

*Glenn, Mills & Fisher, P.A., by Robert B. Glenn, Jr., for propounder-appellees.*

*Mark T. Sheridan for caveator-appellant.*

MARTIN, John C., Judge.

Robert Lee Dunn of Durham County died 26 June 1995 at the age of 89 years. He was survived by six children: Betty Mae Dunn Bullard, Vernon R. Dunn, William J. Dunn, Joseph J. Dunn, Billy R. Dunn, and Virginia Dunn Jones. On 7 July 1995, Joseph J. Dunn and Virginia Dunn Jones (hereinafter "propounders"), as named executors, presented paper writings dated 20 September 1994 and 26 October 1994 to the Clerk of Superior Court for probate as the Last Will and Testament of Robert Lee Dunn, and the First Codicil thereto. On 22 September 1995, Billy R. Dunn (hereinafter "caveator") filed a caveat alleging the will and codicil were not valid because Robert Lee Dunn lacked testamentary capacity at the time he executed the paper writings and because the paper writings were obtained through undue influence. Caveator also alleged that Robert Lee Dunn had executed a paper writing on 29 August 1994, which was his last will and testament. In their response, propounders denied the allegations of the caveat, averred that the documents submitted for probate were the valid will and codicil of Robert Lee Dunn, and denied the validity of the 29 August 1994 paper writing.

Briefly summarized, the evidence pertinent to the issues raised by this appeal tended to show that sometime prior to 15 August 1994, Betty Mae Dunn Bullard contacted attorney Dalton Loftin with respect to the preparation of a power of attorney for Robert Lee Dunn. Mr. Loftin prepared a power of attorney naming Billy R. Dunn and Betty Mae Dunn Bullard as Mr. Dunn's attorneys-in-fact; he did not meet with Mr. Dunn at that time and did not supervise the execution of the power of attorney. Sometime thereafter, Betty Mae Dunn Bullard again contacted Mr. Loftin with respect to the preparation of a will for Mr. Dunn. Because Robert Lee Dunn was elderly and con-

fined to a wheelchair, Mr. Loftin went to his home in Durham on 15 August 1994 and conferred with him. Robert Lee Dunn instructed Mr. Loftin to prepare a will leaving his entire estate, in equal shares, to Betty Mae Dunn Bullard and caveator, Billy R. Dunn. He explained to Mr. Loftin that his other four children neither came to see him nor inquired about him and that he did not want to leave them anything. Mr. Loftin prepared a will pursuant to Mr. Dunn's instructions and Mr. Dunn executed the will on 29 August 1994. Mr. Loftin then mailed the will to the Estates Division of the Durham County Clerk's Office for safekeeping.

In September 1994, Joseph Dunn and Virginia Dunn Jones conferred with Mr. Dunn's physician. At this meeting, they learned that Mr. Dunn had executed the power of attorney in favor of Betty Mae Dunn Bullard and Billy R. Dunn and that Betty and Billy had requested Mr. Dunn's medical records and intended to change his physician. Virginia Dunn Jones met with attorney Richard F. Prentis, who prepared a power of attorney and health care power of attorney for Mr. Dunn, appointing Joseph Dunn as his attorney-in-fact. Mr. Dunn signed these documents on 16 September 1994 in his physician's office.

Within the next few days, either Joseph Dunn or Virginia Dunn Jones contacted Mr. Prentis again, telling him that Mr. Dunn wanted to make a will to provide equally for each of his six children. Prentis prepared a will in accordance with those instructions and, on 20 September 1994, Joseph Dunn and Virginia Dunn Jones took Mr. Dunn to Mr. Prentis' office. After making minor changes and adding a clause to disinherit any child who challenged the will, Mr. Dunn signed the will. Joseph Dunn and Virginia Dunn Jones were present when he signed the will.

On 13 October 1994, Joseph Dunn and Virginia Dunn Jones went to the office of the Clerk of Superior Court in Durham County and requested the 29 August will which Mr. Loftin had prepared. They were told the will could be released only to Mr. Dunn or to Mr. Loftin. Later that same day, they returned to the clerk's office with Mr. Dunn, who was in a wheelchair and was using oxygen. At Mr. Dunn's request, the 29 August 1994 will was retrieved from the vault and, in the presence of two deputy clerks, Mr. Dunn instructed Virginia Dunn Jones to tear it up. Mr. Prentis made a notation on a copy of the 29 August will that it had been "revoked and destroyed on 10/13/94 by Robert Lee Dunn witnessed by Glenda Lilly & Clare Clayton."

**IN RE WILL OF DUNN**

[129 N.C. App. 321 (1998)]

Between 13 October 1994 and 26 October 1994, Mr. Prentis was contacted by either Joseph Dunn, his wife, Yolanda Dunn, or Virginia Dunn Jones, and was told that Mr. Dunn wished to make changes to his will. The evidence is conflicting as to whether Mr. Dunn or one of the aforementioned persons instructed Mr. Prentis as to the desired changes. On 26 October 1994, Mr. Prentis went to the emergency room of Durham Regional Hospital, where Mr. Dunn was a patient, and Mr. Dunn executed a codicil to his will, in which he excluded Billy R. Dunn and Betty Mae Dunn Bullard from sharing in his estate.

The trial court submitted issues to the jury which were answered as follows:

1. Was the paper writing dated September 20, 1994, executed by Robert Lee Dunn according to the requirements of the law for a valid last will and testament?

ANSWER: Yes

2. Was the execution of the paper writing dated September 20, 1994, procured by undue influence?

ANSWER: Yes

3. Is the paper writing dated September 20, 1994, and every part thereof, the last will and testament of Robert Lee Dunn?

ANSWER: No

4. Was the paper writing dated October 26, 1994, executed by Robert Lee Dunn according to the requirements of the law for a valid codicil to a last will and testament?

ANSWER: Yes

5. Was the execution of the paper writing dated October 26, 1994, procured by undue influence?

ANSWER: Yes

6. Is the paper writing dated October 26, 1994, and every part thereof, the First Codicil to the Last Will and Testament of Robert Lee Dunn?

ANSWER: No

The trial court accepted the verdict and discharged the jury. Propounders' motions for judgment notwithstanding the verdict and for a new trial were denied. However, upon motion of propounders,

**IN RE WILL OF DUNN**

[129 N.C. App. 321 (1998)]

the trial court proceeded, pursuant to the provisions of G.S. § 1A-1, Rule 49(c), to determine the issue of whether Robert Lee Dunn had validly revoked the 29 August 1994 will on 13 October 1994. The trial court made findings of fact and concluded:

> 1. That the paper writing dated August 29, 1994 purporting to be the Last Will and Testament of Robert Lee Dunn was revoked by the Testator on October 13, 1994.
>
> 2. That, at that time and in those actions as aforesaid, the Testator had adequate and sufficient mental capacity and was not under undue influence or duress.
>
> 3. That the Testator, Robert Lee Dunn, died intestate without a last will and testament.

The trial court entered judgment upon the jury verdict and its determination of the issue of Mr. Dunn's revocation of the 29 August 1994 will. By separate order entered 16 September 1996, the court awarded attorneys' fees to counsel for caveators and propounders, to be paid by the Estate of Robert Lee Dunn. Caveator Billy R. Dunn appeals from the foregoing judgment and order.

---

A.

[1] By his first four assignments of error, caveator contends the trial court erred by proceeding, pursuant to G.S. § 1A-1, Rule 49(c), to determine the issue of whether Mr. Dunn's actions on 13 October 1994 amounted to a valid revocation of the 29 August 1994 paper writing. We agree.

It is the duty of the trial judge to submit such issues to the jury as are necessary to resolve the material controversies arising upon the pleadings and the evidence. *Link v. Link*, 278 N.C. 181, 179 S.E.2d 697 (1971). The pleadings and evidence in this case raised issues not only as to the validity of the 20 September and 26 October scripts but also, upon the jury's determination that those scripts had been obtained by undue influence, the validity of the 29 August script. "When a caveat is filed the superior court acquires jurisdiction of the whole matter in controversy, including both the question of probate and the issue devisavit vel non (citation omitted). Devisavit vel non requires a finding of whether or not the decedent made a will and, if so, whether *any of the scripts* before the court is that will." *In re Will of Hester*, 320 N.C. 738, 745, 360 S.E.2d 801, 806 (1987), *reh'g denied*, 321 N.C. 300, 362 S.E.2d 780 (1987) (citing *In re Will of*

*Charles*, 263 N.C. 411, 139 S.E.2d 588 (1965)). Thus, in a case such as this one, where there are presented multiple scripts purporting to be decedent's last will and testament, the issue of devisavit vel non should be resolved in a single caveat proceeding in which the jury may be required to answer numerous sub-issues in order to determine the ultimate issue. *Id.* It is not required that the issues relating to all of the scripts be considered simultaneously; the trial court is vested with broad discretion to structure the trial, including the discretion to sever the issues and submit them separately to the same jury or to separate juries, when the court believes that to do so would avoid confusion and promote a more logical presentation to the jury. *Id.*

Propounders readily concede that issues with respect to the validity of the 29 August script, including the issue of whether it was properly revoked by the testator on 13 October 1994, should have been submitted to the jury. They argue, however, that since none of the parties requested that those issues be submitted to the jury and the trial court failed to do so, caveator waived his right to a jury determination of those issues and the trial court was authorized, pursuant to G.S. § 1A-1, Rule 49(c), to find facts and determine the issues with respect to the 29 August script. Rule 49(c) provides:

> (c) *Waiver of jury trial on issue.*—If, in submitting the issues to the jury, the judge omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the judge may make a finding; or, if he fails to do so, he shall be deemed to have made a finding in accord with the judgment entered.

The Comment to Rule 49 explains the purpose of section (c), providing in pertinent part:

> Section (c) changes the law in respect to issues omitted by the judge in submitting a case to the jury. The right to jury trial on such issues would be lost in the absence of demand for such submission and the judge would be empowered to make a finding on the issue in question. The idea is that the inadvertent omission of an issue ought not to jeopardize a whole trial when an impartial fact finder is on hand to make the requisite finding. Ample means for a party to protect his right to jury trial on all issues are clearly available. All he has to do is demand their submission "before the jury retires."

**IN RE WILL OF DUNN**

[129 N.C. App. 321 (1998)]

Comment, N.C. Gen. Stat. § 1A-1, Rule 49 (1990). *See Vernon v. Crist,* 291 N.C. 646, 231 S.E.2d 591 (1977) (rule designed to prevent otherwise proper trial from being jeopardized by inadvertent omission of issue).

Our Supreme Court has held that once a caveat to a will is filed and the proceeding is transferred to the superior court for trial, "there can be no probate except by a jury's verdict. The trial court may not, at least where there are any factual issues, resolve those issues even by consent . . . ." *In re Will of Mucci,* 287 N.C. 26, 35, 213 S.E.2d 207, 213 (1975). We interpret this holding to mean that in a caveat proceeding the parties may not waive, either by consent or by implication, jury resolution of an issue upon which the evidence is in conflict and material facts are in controversy. Therefore, we do not believe the implied waiver provisions of Rule 49(c) can apply to a will caveat proceeding or that the trial judge can resolve disputed factual issues.

The same testamentary capacity and intent required to make a written will is also required for its revocation by destruction. N.C. Gen. Stat. § 31-5.1(2) (written will may be revoked by being destroyed "with the intent and for the purpose of revoking it . . . ."); *see In re Will of Shute,* 251 N.C. 697, 111 S.E.2d 851 (1960); *In re Will of Hodgin,* 10 N.C. App. 492, 179 S.E.2d 126 (1971). Likewise, if a testator destroys his will while under undue influence, the will is not considered to have been revoked, and may be admitted to probate upon proof of its existence, its due execution according to law, and its destruction by reason of such undue influence. 79 AM. JUR. 2D, *Wills* § 508. Thus, where the facts are in dispute, issues with respect to the testator's capacity to revoke a will and whether the revocation occurred as a result of undue influence may not be decided by the trial judge, but must be decided by a jury.

Propounders argue, however, that caveator presented insufficient evidence to raise jury issues as to Mr. Dunn's lack of capacity to revoke the will or that he acted under undue influence. Thus, they contend, the trial court's finding that Mr. Dunn had properly revoked the 29 August will should be affirmed because the court could properly have directed a verdict on the issue. While a jury must resolve disputed issues of fact in a caveat proceeding, when the party with the burden of proof fails to come forward with evidence from which the jury could find the existence of undue influence or a lack of testamentary capacity, the trial court may direct a verdict against him on

those issues. *In re Will of Mucci, supra; In re Andrews*, 299 N.C. 52, 261 S.E.2d 198 (1980); *In re Will of Gardner*, 79 N.C. App. 454, 339 S.E.2d 455 (1986); *In re Estate of Forrest*, 66 N.C. App. 222, 311 S.E.2d 341, *affirmed*, 311 N.C. 298, 316 S.E.2d 55 (1984); *In re Will of Coley*, 53 N.C. App. 318, 280 S.E.2d 770 (1981).

Caveator does not argue that Mr. Dunn lacked testamentary capacity to revoke the 29 August will; rather, he contends the evidence raised an issue of whether Mr. Dunn's purported revocation of the will was obtained by undue influence.

> Undue influence is defined as "a fraudulent influence over the mind and will of another to the extent that the professed action is not freely done but is in truth the act of the one who procures the result. *In re Estate of Loftin and Loftin v. Loftin*, 285 N.C. 717, 722, 208 S.E.2d 670, 674-75 (1974). There are four general elements of undue influence: (1) a person who is subject to influence; (2) an opportunity to exert influence; (3) a disposition to exert influence; and (4) a result indicating undue influence.

*Griffin v. Baucom*, 74 N.C. App. 282, 286, 328 S.E.2d 38, 41, *disc. review denied*, 314 N.C. 115, 332 S.E.2d 481 (1985). Because the existence of undue influence is usually difficult to prove, our courts have recognized that it must usually be proved by evidence of a combination of surrounding facts, circumstances and inferences from which a jury could find that the person's act was not the product of his own free and unconstrained will, but instead was the result of an overpowering influence over him by another. *In re Will of Andrews, supra.* There are many factors which our courts have recognized as relevant to a determination of the issue of undue influence, including the age and physical and mental condition of the one alleged to have been the subject of the influence, whether he had independent or disinterested advice in the transaction, whether he was subject to the constant supervision and association of the one alleged to have exercised the influence, whether the action taken is different from and revokes a prior will, whether the person alleged to have exercised the influence procured the action and benefitted thereby, distress of the person alleged to have been influenced, the effect of the action taken upon the natural objects of his bounty, and the relationship of the parties. *In re Will of Andrews, supra; Griffin v. Baucom, supra.*

The evidence in the present case, considered in the light most favorable to caveator, *In re Will of Andrews, supra*, shows that on 13 October propounders went to the clerk's office and attempted to

obtain possession of the 29 August will. When propounders' request was refused and they were told the will could be released only to Mr. Dunn or Mr. Loftin, they left and returned later the same day with Mr. Dunn, who was in a wheelchair and using oxygen. He requested the will and then instructed Virginia Dunn Jones to tear it up. He had no independent or disinterested advice with respect to his action; he was accompanied by persons who stood to benefit from his act and who had attempted to gain possession of the very document which he destroyed. In addition, the jury found that these same persons had exercised undue influence over him twenty-three days earlier, in procuring the execution of the 20 September script, and thirteen days later, in procuring the execution of the 26 October codicil, permitting a reasonable inference that Mr. Dunn was subject to the same influence on 13 October, when he instructed Virginia Dunn Jones to destroy the 29 August script. Finally and lamentably, inferences may be drawn from the evidence that all of the parties may have been competing for their father's assets and attempting to influence his disposition thereof. Thus, we believe the foregoing circumstances are sufficient to raise jury issues as to whether the 29 August 1994 script was Mr. Dunn's last will and testament, including the issues of whether its execution or revocation were procured by undue influence.

## B.

**[2]** The only additional assignment of error brought forward in caveator's brief relates to the trial court's order of 16 September 1996 awarding costs and attorneys' fees to both parties and ordering their payment by the administrator of Mr. Dunn's estate. Caveator first argues the trial court did not have jurisdiction to award costs and attorneys' fees after caveator had filed and served notice of appeal from the 5 August 1996 judgment. We disagree. G.S. § 1-294 provides in part:

When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from . . . .

In this case, both parties submitted petitions for costs and attorneys' fees with the intent that the court would rule on the matter. The trial court's decision to award costs and attorneys' fees was not affected by the outcome of the judgment from which caveator appealed; there-

fore, the trial court could properly proceed to rule upon the petitions for costs and attorneys' fees after notice of appeal had been filed and served.

Caveator further argues that the award of attorneys' fees was in error because the propounders' defense of the caveat proceeding was not undertaken in good faith. The trial judge has the discretion to award attorneys' fees as "costs" to attorneys for both parties to a caveat proceeding. *In re Will of Coffield*, 216 N.C. 285, 4 S.E.2d 870 (1939). "[T]he taxing of court costs and the apportionment thereof [is] to be made in the discretion of the court. Moreover, the fixing of reasonable attorney fees in applicable cases is likewise a matter within the sound discretion of the trial court." *Godwin v. Trust Co.*, 259 N.C. 520, 530, 131 S.E.2d 456, 463 (1963). We hold the trial court did not abuse its discretion in finding that propounders' defense of the caveat was undertaken in good faith and in ordering that costs and attorneys' fees for all parties be paid by the administrator of Mr. Dunn's estate.

In summary, that portion of the trial court's 5 August 1996 judgment which purports to make findings pursuant to Rule 49(c) and orders "[t]hat the Estate of Robert Lee Dunn be administered as an estate of a person dying intestate . . ." is reversed. This matter is remanded to the Superior Court of Durham County for entry of judgment in accordance with the jury's verdict as to the 20 September 1994 and 26 October 1994 scripts, and for further proceedings in accordance with this opinion to determine whether the paper writing dated 29 August 1994 is the Last Will and Testament of Robert Lee Dunn. The trial court's 16 September 1996 order awarding costs and attorneys' fees is affirmed.

Affirmed in part, reversed in part, and remanded.

Judges LEWIS and McGEE concur.