THOMAS E. McCLURE, JAMES ROWELL AND ELDRIDGE PAINTER, PLAINTIFFS v. THE COUNTY OF JACKSON, THE JACKSON COUNTY BOARD OF COMMISSIONERS, THE JACKSON COUNTY AIRPORT AUTHORITY, GARY BUCHANAN, EDWIN H. MADDEN, JR., AND EDWARD RILEY, DEFENDANTS

No. COA06-867
No. COA06-938

(Filed 21 August 2007)

1. **Appeal and Error— appealability—mootness—attorney fees**

Plaintiff's motion to dismiss defendants' appeal from the 14 February 2006 judgment determining that defendants improperly removed plaintiff from his position as a member and chairman of the Airport Authority is granted, because: (1) plaintiff's term of office in the Airport Authority has expired, and any analysis by the Court of Appeals of the legality of the proceedings below cannot have any practical effect on the existing controversy; (2) both parties conceded during oral argument that the appeal of plaintiff's status as a member of the Airport Authority was moot, and that the only issue to be resolved was the question of attorney

fees; (3) an interest in attorney fees is insufficient to create a case or controversy; (4) the issue of attorney fees is thereafter determinable under the court's continuing equitable jurisdiction and is most appropriately determined in the first instance by the district court on remand; and (5) the trial court's award of attorney fees does not stave off the mootness of the nonattorney fees portion of defendant's appeal.

## 2. Costs— attorney fees—jurisdiction

The trial court did not have jurisdiction to enter an award of attorney fees after defendants had filed notice of appeal from the judgment of 14 February 2006, and the entry of an award of attorney fees is remanded to the trial court, because: (1) the rationale under *Surles*, 113 N.C. App. 32 (1993), is not applicable under the present version of N.C.G.S. § 1A-1, Rule 58 since the amended rule now provides that a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court; (2) the trial court's purported reservation of attorney fees did not allow it to retain jurisdiction of that issue since a court cannot create jurisdiction where none exists; and (3) N.C.G.S. § 1-294 specifically divests the trial court of jurisdiction unless it is a matter not affected by the judgment appealed from, and the exception under N.C.G.S. § 1-294 is inapplicable when the attorney fees were based upon plaintiff being the prevailing party in the proceedings.

Appeal by defendant from judgment entered 14 February 2006 and order entered 21 April 2006 by Judge Zoro J. Guice, Jr. in Jackson County Superior Court. Heard in the Court of Appeals 20 February 2007.

*McGuire, Wood & Bissette, P.A., by Joseph P. McGuire, for plaintiffs-appellees.*

*Rose Rand Attorneys, P.A., by Jeffrey P. Gray and J. Yancey Washington, for defendants-appellants.*

STEELMAN, Judge.

When the questions originally in controversy between the parties are no longer at issue, the case is moot and should be dismissed. After the trial court enters a written judgment and notice of appeal has been given, the trial court is *functus officio* and without jurisdiction to enter an award of attorney's fees. The better practice is for the trial

court to enter its written judgment only after all issues, including attorney's fees, have been decided.

The Jackson County Airport Authority was established by Jackson County for the operation and maintenance of airport facilities. The Economic Development Commission ("EDC") of Jackson County was created pursuant to N.C. Gen. Stat. § 158-8. Thomas E. McClure ("plaintiff") was appointed by the Board of Commissioners to serve as a member of the Airport Authority in August 2000. Thereafter, plaintiff was elected as chairman of the Airport Authority, serving in that capacity until 12 January 2005. Plaintiff's term as a member of the Airport Authority was to expire in August 2006. Plaintiff was appointed to the EDC by Western Carolina University, which employed Plaintiff as the director of the University's Office of Regional Affairs, and was subsequently elected chairman of the EDC.

On 12 January 2005, the Jackson County Board of Commissioners, in closed session, discussed the "qualifications, competence, performance, [and] fitness" of plaintiff in these positions. The commissioners then reconvened in open session, voting to remove plaintiff from all county committees and appointments. The commissioners also voted that plaintiff return all "records, books, bank statements, documents, and minutes" pertaining to the EDC and the Airport Authority. The Board of Commissioners did not provide plaintiff with advance notice or an opportunity to be heard prior to his removal from these positions.

On 12 January 2005, the sheriff of Jackson County arrived at plaintiff's office, demanding that McClure return all records, books, bank statements, minutes, and other documents related to the EDC. On 14 January 2005, Gary Buchanan ("Buchanan"), a member of the Airport Authority, accompanied by a deputy sheriff, seized from plaintiff all records and other documents related to his position as a member and chairman of the Airport Authority.

On 23 March 2005, plaintiff filed a verified complaint against Jackson County, the Jackson County Board of Commissioners, the Jackson County Airport Authority, Buchanan, Edwin H. Madden, Jr. (Jackson County Commissioner), and Edward Riley (person appointed by Commission to plaintiff's seat on the Airport Authority) (hereinafter, "defendants"), seeking a declaration that defendants acted unlawfully in removing plaintiff from the EDC and the Airport Authority, and also seeking reinstatement to the positions by way of a temporary restraining order, preliminary injunction, and permanent

injunction. James Rowell and Eldridge Painter, members of the Airport Authority, joined the lawsuit as additional plaintiffs.

On 31 March 2005, the trial court entered a temporary restraining order, directing that the Airport Authority was enjoined from meeting or conducting business pending the court's hearing of plaintiff's motion for a preliminary injunction. On 13 April 2005, the trial court entered a preliminary injunction, restoring plaintiff as a member and chairman of the Airport Authority. The court found as a fact that the Board of Commissioners "provided McClure with neither advance notice nor any opportunity to be heard to contest the removal[,]" and concluded that plaintiff "[has] a likelihood of success on the merits of [his] claim that the action of the Board of Commissioners to remove McClure as a member of the Airport Authority without notice or opportunity to be heard was contrary to law."

On 27 April 2005, plaintiff filed a verified amended complaint, alleging that by convening in closed session to discuss the removal of plaintiff from his appointed positions, defendants violated the North Carolina Open Meetings Law, N.C. Gen. Stat. § 143-318.11(a)(3). Plaintiff further alleged that the Board of Commissioners denied plaintiff due process of law by failing to provide plaintiff with notice or an opportunity to be heard before his removal from the appointed positions. In his amended complaint, plaintiff sought a declaration that "[d]efendants' actions [complained of were] . . . unlawful[,]" and that McClure was improperly removed from the EDC and the Airport Authority. Plaintiff also sought injunctive relief, restoring plaintiff to his office as a member and chairman of the Airport Authority.

This case went to trial on 8 February 2006, and a jury was empaneled. However, counsel for plaintiff asserted that the action was one seeking declaratory relief and there was no issue for the jury to decide. Counsel for defendants did not dispute this contention. The trial judge ruled that there were no issues of fact to be submitted to the jury, discharged the jury, and heard the matter without a jury.

On 14 February 2006, the trial court entered judgment in favor of plaintiff, declaring the removal of McClure from the Airport Authority to be "null and void" and ordering him to be "restored and reinstated as a member and chair of the Airport Authority." The court concluded that the Board of Commissioners violated N.C. Gen. Stat. § 143.318.11(a)(3) by "considering in closed session the qualifications, competence, performance, fitness, and/or removal of McClure as a member of the [Airport Authority]." The court further concluded

that "[b]y summarily removing McClure from the Airport Authority, without notice or opportunity to be heard, the Board of Commissioners denied McClure due process of law."

The trial court stated in its 14 February 2006 judgment that "[t]he Court will retain jurisdiction over this matter to hear any motions by the Plaintiff[] to recover their costs and attorney fees." On 23 February 2006, plaintiff filed a motion for costs and attorney's fees pursuant to N.C. Gen. Stat. § 6-1, 6-20, 6-19.1 and 7A-314. Plaintiff also moved for attorney's fees pursuant to the Open Meetings Law, N.C. Gen. Stat. § 143-318.16B. On 16 March 2006, defendants filed notice of appeal from the trial court's 14 February 2006 judgment. On 3 April 2006, the trial court heard plaintiff's motion for costs and attorney's fees. On 21 April 2006, the trial court granted plaintiff's motion, entering an order awarding costs and attorney's fees in the amount of $36,347.75. On 5 May 2006, defendants filed notice of appeal from the trial court's order awarding attorney's fees.

This case comes before this Court on two separate appeals, COA 06-867, which is the appeal of the 14 February 2006 judgment, and COA 06-938, which is the appeal of the 21 April 2006 order awarding costs and attorney's fees. On 11 September 2006, plaintiff filed a motion to dismiss the appeal as moot, because plaintiff's term as a member and chairman of the Airport Authority expired in August 2006. Because the background of these appeals is identical and the issues presented are completely intertwined, we address them in a single opinion.

## I: Mootness

[1] We first consider plaintiff's motion to dismiss defendants' appeal as being moot. We conclude that defendants' appeal is moot and dismiss the appeal, with the exception of defendants' appeal of the attorney's fees awarded to plaintiff.

The North Carolina Supreme Court has stated that "[a] case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison County Realtors Ass'n*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). In the opinion of *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), the North Carolina Supreme Court stated:

Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in

controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

"Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court . . . become moot at any time during the course of the proceedings, the usual response should be to dismiss the action." *Id.* at 148, 250 S.E.2d at 912; *see also McKinney v. Board of Comm'rs*, 278 N.C. 295, 179 S.E.2d 313 (1971) (holding that plaintiff's action seeking an injunction to restrain the defendants from preparing for and holding an election was moot when the election had actually been held, and therefore, plaintiff's appeal was properly dismissed).

In the instant case, the trial court ruled that defendants improperly removed plaintiff from his position as a member and chairman of the Airport Authority. In their appeal, defendants assert that the trial court erred as follows: (1) failing to submit questions of fact to the jury; (2) failing to conduct a *de novo* bench trial and relying upon evidence presented at the preliminary injunction hearing; (3) disregarding evidence presented at the bench trial; (4) holding that plaintiff had a due process right in his position in the Airport Authority; and (5) refusing to allow defendants to amend their answer to assert a statute of limitations defense. All of these arguments go to the merits of "questions originally in controversy between the parties[,] [which] are no longer at issue[.]" *Peoples*, 296 N.C. at 147, 250 S.E.2d at 912. Since plaintiff's term of office in the Airport Authority has expired, any analysis by this Court of the legality of the proceedings below "cannot have any practical effect on the existing controversy." *Roberts*, 344 N.C. at 398-99, 474 S.E.2d at 787. At oral argument, both counsel conceded that the appeal of plaintiff's status as a member of the Airport Authority was moot, and that the only issue to be resolved is the question of attorney's fees.

Defendants, however, contend that while the dispute over the removal of plaintiff as a member of the Airport Authority is itself moot, this Court must still resolve these issues since they have a direct bearing on whether the trial court erred in awarding attorney's fees to plaintiff.

In the federal courts, "[a] great deal of ink has been spilled . . . addressing the question whether plaintiffs' demand for attorneys' fees staves off mootness." *Gates v. Towery*, 430 F.3d 429, 430 (7th Cir.

2005). In North Carolina courts, the specific question of whether a claim for attorney's fees, in and of itself, prevents the mootness of related claims has not been addressed. Decisions of lower federal courts may be persuasive in our courts, but they are not binding authority. *In re Truesdell*, 313 N.C. 421, 428-29, 329 S.E.2d 630, 634-35 (1985) (stating that "[a]lthough we recognize that this Court is not bound by the decision from the Federal court, we are nevertheless mindful of the legal maxim, *ratio est legis amina*, reason is the soul of the law").

In *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480, 110 S. Ct. 1249, 1255 (1990), the United States Supreme Court concluded that an "interest in attorney's fees is, of course, insufficient to create [a] case or controversy[.]" *See also United States v. Ford*, 650 F.2d 1141, 1143-44 (9th Cir. 1981), *cert. denied*, 455 U.S. 942, 71 L. Ed. 2d 654 (1982).

The Fourth Circuit concluded in *S-1 & S-2 v. Spangler*, 832 F.2d 294, 297 n.1 (4th Cir. 1987), that an appeal was moot despite a party's assertion of attorney's fees and costs claims, observing that, "[a]ny other rule would largely nullify the mootness doctrine with respect to cases brought under the myriad federal statutes that authorize fee awards." *Id.* (citing *Flesch v. Eastern Pa. Psychiatric Inst.*, 472 F. Supp. 798, 802 (E.D. Pa. 1979)).

If a claim for attorney's fees does not stave off mootness, we must next consider whether this Court must examine the merits of the mooted question to decide whether plaintiff was entitled to attorney's fees. We are persuaded by the logic of *Spangler*. In *Spangler*, the court stated that the "[t]he issue [of attorney's fees] is thereafter determinable under the court's continuing equitable jurisdiction, . . . and is most appropriately determined in the first instance by the district court on remand." *Spangler*, 832 F.2d at 297 (citing *Doe v. Marshall*, 622 F.2d 118, 119 (5th Cir. 1980)). We conclude that, although the examination of the merits of the mooted question would be merely an exercise in "determin[ing] [an] abstract proposition[] of law[,]" *Peoples*, 296 N.C. at 147, 250 S.E.2d at 912, the issue of attorney's fees here is "most appropriately determined . . . by the [trial] court on remand." *Spangler*, 832 F.2d at 297.

We hold that defendants' claims with regard to the appropriateness of the trial court's award of attorney's fees does not stave off the mootness of the non-attorney's fees portion of defendant's appeal. This portion of defendant's appeal is moot and is dismissed.

B:  Jurisdiction of Trial Court to Enter Attorney's Fees Order

**[2]** We next address whether the trial court had jurisdiction to enter an award of attorney's fees after the defendant had filed notice of appeal from the judgment of 14 February 2006.

The issue of jurisdiction over the subject matter of an action may be raised at any time during the proceedings, including on appeal. *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006). This Court is required to dismiss an appeal *ex mero motu* when it determines the lower court was without jurisdiction to decide the issues. *Lemmerman v. A.T. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 86 (1986).

The question of whether the trial court had jurisdiction to decide the issue of attorney's fees is addressed by N.C. Gen. Stat. § 1-294, the pertinent portion of which reads:

> When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

"[T]he general rule has been that a timely notice of appeal removes jurisdiction from the trial court and places it in the appellate court." *Parrish v. Cole*, 38 N.C. App. 691, 693, 248 S.E.2d 878, 879 (1978). Pending appeal, "the trial judge is [generally] *functus officio*, subject to two exceptions and one qualification, none of which are applicable to the instant case." *Kirby Bldg. Systems, Inc. v. McNiel*, 327 N.C. 234, 240, 393 S.E.2d 827, 831 (1990) (citations omitted).

This Court has dealt in a number of cases with the question of whether a trial court has jurisdiction to enter an award of attorney's fees following the filing of notice of appeal. In *Brooks v. Giesey*, 106 N.C. App. 586, 590-91, 418 S.E.2d 236, 238 (1992), this Court stated that:

> Under a statute such as section 6-21.5, which contains a "prevailing party" requirement, the parties should not be required to litigate fees when the appeal could moot the issue. Furthermore, upon filing of a notice of appeal, a trial court in North Carolina is divested of jurisdiction with regard to all matters embraced within or affected by the judgment which is the subject of the appeal. N.C. Gen. Stat. § 1-294 (1983).

This logic was followed in the case of *Gibbons v. Cole*, 132 N.C. App. 777, 782, 513 S.E.2d 834, 837 (1999). In that case, the trial court entered an order, dismissing plaintiff's complaint. At the time of the hearing, defendants moved for an award of attorney's fees and filed affidavits in support of the motion. The trial court in the written order of dismissal set a hearing on the motion for attorney's fees for a later date, in order to allow plaintiffs an opportunity to review and respond to the affidavits. Prior to the hearing on attorney's fees, plaintiffs filed notice of appeal. A hearing was subsequently held, and attorney's fees were awarded to defendants. We held that "the appeal by plaintiffs from the judgment on the pleadings deprived the superior court of the authority to make further rulings in the case until it returns from this Court." *Id.*

There are several cases which appear to indicate a contrary result but are distinguishable. In *In re Will of Dunn*, 129 N.C. App. 321, 500 S.E.2d 99 (1998), this Court held that in a will caveat case, the trial court could enter an award of attorney's fees after the filing of notice of appeal, because the "decision to award costs and attorney's fees was not affected by the outcome of the judgment from which caveator appealed[.]" *Id.* at 329, 500 S.E.2d at 104-05. This holding is restricted to caveat proceedings where the trial court has the discretion to award attorney's fees as costs to attorneys for both sides. *Id.* at 330, 500 S.E.2d at 105. In the case of *Surles v. Surles*, 113 N.C. App. 32, 437 S.E.2d 661 (1993), the trial court orally announced its judgment in a child custody case in open court, expressly reserving the issue of attorney's fees. Prior to the entry of a written judgment, one of the parties gave notice of appeal. Subsequently, the trial court conducted a hearing on a motion for attorney's fees. Written orders on the custody matter and attorney's fees were entered after the notice of appeal was filed. This Court held that the trial court "retained the authority to consider the issue since attorney's fees were within the court's 'oral announcements'" and the written orders "conformed substantially" to those "oral announcements." *Id.* at 43, 437 S.E.2d at 667.

We note that *Surles* was decided in 1993, and dealt with orders entered on 31 October 1991. This was a time of great confusion in the law of North Carolina as to whether an order or judgment was "entered" at the time of an oral pronouncement from the bench or upon the filing of a written judgment. This issue was finally resolved by the enactment of Chapter 594 of the 1993 Session Laws. This statute, applicable to judgments entered on or after 1 October 1994,

amended Rule 58 of the North Carolina Rules of Civil Procedure to provide that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." Thus, the fact situation set forth in *Surles* cannot occur under the present law, since prior to the filing of a written judgment, there would have been nothing from which to appeal. We hold that the rationale of *Surles* is not applicable under the present version of Rule 58 of the North Carolina Rules of Civil Procedure.

We next address whether the trial court's purported "reservation" of the attorney's fees issue allowed it to retain jurisdiction of that issue. It is fundamental that a court cannot create jurisdiction where none exists. *See In re McKinney*, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003). N.C. Gen. Stat. § 1-294 specifically divests the trial court of jurisdiction unless it is a matter "not affected by the judgment appealed from." When, as in the instant case, the award of attorney's fees was based upon the plaintiff being the "prevailing party" in the proceedings, the exception set forth in N.C. Gen. Stat. § 1-294 is not applicable.

While we understand that the interests of judicial economy would clearly be better served by allowing the trial court to enter an order on attorney's fees and then having the matter come up to the appellate courts as a single appeal, we cannot create jurisdiction for the trial court to enter the award of attorney's fees in violation of N.C. Gen. Stat. § 1-294. Further, the facts in *Gibbons* are indistinguishable from the instant case. One panel of the Court of Appeals cannot overrule another panel that has previously decided the identical issue. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). When faced with the possibility of an award of attorney's fees, the better practice is for the trial court to defer entry of the written judgment until after a ruling is made on the issue of attorney's fees, and incorporate all of its rulings into a single, written judgment. This will result in only one appeal, from one judgment, incorporating all issues in the case.

We reverse the entry of an award of attorney's fees by the trial court and remand this matter to the trial court for entry of an appropriate order, containing findings of fact and conclusions of law pertinent to the statutory provisions under which plaintiff seeks attorney's fees. As noted in the portion of the opinion dealing with mootness, even though the case in chief is moot, the trial court may, under appropriate circumstances, award attorney's fees and costs, pursuant to its equitable jurisdiction.

II:  Conclusion

For the reasons discussed above, we dismiss the appeal of the trial court's order of 14 February 2006 for mootness, reverse the trial court's order awarding plaintiff attorney's fees for lack of jurisdiction, and remand the case to the superior court for consideration of the question of attorney's fees consistent with this opinion.

DISMISSED IN PART, REVERSED AND REMANDED IN PART.

Judges WYNN and JACKSON concur.