IN RE: WILL OF FANNIE J. HARTS

No. COA07-1523

(Filed 5 August 2008)

**1. Appeal and Error— appealability—lack of subject matter jurisdiction—untimely appeal**

The Court of Appeals did not have subject matter jurisdiction in a contested will case to consider caveator's purported appeal from a judgment and order filed 21 May 2007, and the appeal related to the 21 May 2007 judgment is dismissed, because: (1) there was nothing in the record indicating that caveator was not properly served with a copy of the judgment within the prescribed period under N.C.G.S. § 1A-1, Rule 3; and (2) caveator did not file notice of appeal until 10 August 2007, which was over two months after the judgment.

**2. Appeal and Error— appealability—timely appeal**

Caveator's notice of appeal on 10 August 2007 of the order taxing caveator with costs and attorney fees in a contested will case did not violate the thirty day mandate because it was entered on 24 July 2007.

**3. Appeal and Error— preservation of issues—failure to argue—failure to cite authority**

Although caveator contends that the trial court abused its discretion in a contested will case by taxing all costs and $25,000 in attorney fees to caveator, this assignment of error is dismissed because caveator failed to make any substantive argument, or cite any law, supporting his argument as required by N.C. R. App. P. 28(b)(6).

Appeal by caveator from judgment and order entered 17 May 2007 and order entered 24 July 2007 by Judge Russell J. Lanier, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 14 May 2008.

*Terry B. Richardson, for caveator-appellant.*

*Carter & Carter, P.A., by James Oliver Carter, for propounder-appellee.*

**IN RE WILL OF HARTS**

[191 N.C. App. 807 (2008)]

JACKSON, Judge.

Fannie Harts (decedent) died testate 19 March 2004. In her will, she left a few minor specific bequests, then disposed of the remainder of her estate through a residuary clause. Fifty percent of her residuary went to Vernie and Woodruff Allen (propounders), ten percent went to decedent's sister, Julia Thompson (Thompson), and the remainder was divided equally among four churches. Decedent's will was executed on 5 February 2004, and served to revoke an earlier will, executed on 20 March 1999, which would have left decedent's entire estate to Thompson. Thompson filed a caveat to decedent's will, executed on 16 August 2004, alleging the 5 February 2004 will was procured through the undue influence of the propounders, and that decedent lacked the testamentary capacity to legally execute it. Thompson died 4 September 2005, and by order filed 6 September 2006, the trial court ordered Robert Pugh ("caveator") to be substituted as caveator. By motion filed 24 May 2006, propounders moved for summary judgment. Summary judgment was denied by order filed 6 June 2006. The instant cause was heard before a jury at the 30 April 2007 civil session of New Hanover County Superior Court. At the close of caveator's evidence, propounders moved in open court for directed verdict, and the trial court granted the directed verdict on the issues of testamentary capacity and undue influence. The sole remaining issues for the jury were whether the contested will had been executed according to the requirements of North Carolina law, and whether the document presented by propounders was the will of decedent.

The jury answered "yes" to both these issues on 3 May 2007. The trial court entered its judgment and order 21 May 2007, including both its directed verdict and the jury verdict, but the trial court did not address the issues of costs and attorneys fees at that time. The parties' motions for costs and attorney's fees were heard 25 June 2007. By order filed 24 July 2007, the trial court awarded propounders costs in the amount of $6,228.05, and attorney's fees in the amount of $25,000.00. On 10 August 2007 caveator filed his notice of appeal for both the 21 May 2007 judgment and order, and the 24 July 2007 order.

[1] The dispositive issue for the majority of caveator's issues on appeal is whether this Court has jurisdiction to consider his purported appeal from the judgment and order filed 21 May 2007. We are constrained to hold that we do not.

**IN RE WILL OF HARTS**

[191 N.C. App. 807 (2008)]

Subject matter jurisdiction may not be waived, and this Court has the power and the duty to determine issues of jurisdiction *ex mero motu*, and to dismiss an appeal if we find it lacking. *Reece v. Forga*, 138 N.C. App. 703, 704-05, 531 S.E.2d 881, 882 (2000). Rule 3 of the North Carolina Rules of Appellate Procedure states in relevant part:

Appeal in civil cases—How and when taken.

(a) *Filing the notice of appeal.* Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule.

. . . .

(c) *Time for taking appeal.* In civil actions and special proceedings, a party must file and serve a notice of appeal:

(1) within 30 days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure . . . .

There is nothing in the record on appeal indicating that caveator was not properly served with a copy of the judgment within the prescribed three-day period. Failure to adhere to the dictates of Rule 3 requires dismissal of the appeal:

In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure. Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed. This Court cannot waive the jurisdictional requirements of Rule 3 if they have not been met. Under Rule 3(a) of the Rules of Appellate Procedure, a party . . . may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in a timely manner. This rule is jurisdictional.

*Henlajon, Inc. v. Branch Hwys., Inc.*, 149 N.C. App. 329, 331, 560 S.E.2d 598, 600-01 (2002) (internal citations and quotations omitted); *see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197-98, 657 S.E.2d 361, 365 (2008).

**[2]** Because caveator did not file notice of appeal until 10 August 2007—over two months after the 21 May 2007 judgment—this notice of appeal is in violation of Rule 3 and requires dismissal of the appeal insofar as it relates to that 21 May 2007 judgment. Because the trial court's order taxing caveator with costs and attorney's fees was entered on 24 July 2007, caveator's notice of appeal did not violate the thirty day mandate for that order, and this Court has jurisdiction to decide those issues.

We note that in the recent case of *McClure v. County of Jackson*, 185 N.C. App. 462, 648 S.E.2d 546 (2007), this Court addressed the apparent confusion at the trial level as to whether an appeal from a judgment of the trial court divested that court of jurisdiction to consider the issues of costs and attorney's fees until after the appeal had run its course. The *McClure* Court held that it did,[1] opining:

> While we understand that the interests of judicial economy would clearly be better served by allowing the trial court to enter an order on attorney's fees and then having the matter come up to the appellate courts as a single appeal, we cannot create jurisdiction for the trial court to enter the award of attorney's fees in violation of N.C. Gen. Stat. § 1-294. When faced with the possibility of an award of attorney's fees, the better practice is for the trial court to defer entry of the written judgment until after a ruling is made on the issue of attorney's fees, and incorporate all of its rulings into a single, written judgment. This will result in only one appeal, from one judgment, incorporating all issues in the case.

*McClure*, 185 N.C. App. at 471, 648 S.E.2d at 551-52. Though we understand it might be desirable for an appellant to wait until all issues, including attorney's fees, have been settled before entering notice of appeal—to facilitate a speedier final resolution of all matters in his action, and for simplification of the appellate process—*McClure* did not address the requirements of Rule 3; this Court has no authority to alter the requirements of the Appellate Rules of this State; and we have no choice but to dismiss when the jurisdictional requirements of Rule 3 have not been met. *Henlajon*, 149 N.C. App. at 331, 560 S.E.2d at 600-01. In the instant case, when the judgment was entered before the issues of costs and attorney's fees had been settled, the only

---

1. Except in limited circumstances, e.g., caveat cases. *See McClure*, 185 N.C. App. at 462, 648 S.E.2d at 551; *In re Will of Dunn*, 129 N.C. App. 321, 329-30, 500 S.E.2d 99, 104-05 (1998).

course of action was for caveator to appeal the 21 May 2007 judgment pursuant to the dictates of Rule 3.

We note, because this is a will caveat case, the trial court may have had jurisdiction to decide the costs and fees issues if caveator had properly appealed from the 21 May 2007 judgment, and that appeal was still pending, *McClure*, 185 N.C. App. 462, 471-72, 648 S.E.2d at 551; *see also Dunn*, 129 N.C. App. at 329-30, 500 S.E.2d at 104-05. However, in most situations, the trial court must wait until a case has been remanded from the appellate courts to address costs and attorney's fees, if they were not addressed as part of the initial judgment. *McClure*, 185 N.C. App. at 471, 648 S.E.2d at 550. We strongly agree with the *McClure* Court that "the better practice is for the trial court to defer entry of the written judgment until after a ruling is made on the issue of attorney's fees, and incorporate all of its rulings into a single, written judgment." *Id.* at 471-72, 648 S.E.2d at 551-52. This course of action will serve to eliminate a host of jurisdictional traps and black holes at both the trial and appellate levels.

[3] In caveator's fourth and fifth arguments, for which timely notice of appeal was filed, he contends the trial court erred in taxing all costs, and $25,000.00 in attorney's fees, to him. We disagree.

The taxing of costs and the awarding of attorney's fees in caveat proceedings are within the discretion of the trial court. *Dunn*, 129 N.C. App. at 330, 500 S.E.2d at 105.

In his brief, caveator makes general statements concerning the merits of his case. He does not, however, make any substantive argument, nor cite any law, supporting his argument that the trial court abused its discretion in these matters. This constitutes a gross violation of Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, and subjects these arguments to dismissal.

APPEAL DISMISSED.

Judges McGEE and ELMORE concur.