VIRGINIA GIBBONS, ALBERTA G. COVINGTON, BRIDGET GIBBONS McNAIR AND KATHLEEN GIBBONS SHUE, PLAINTIFFS-APPELLANTS v. DAWN ROYSTON COLE, PHILIP ROYSTON, WACHOVIA BANK OF NORTH CAROLINA, N.A., TRUSTEE OF THE JOHN P. GIBBONS TRUST, AND MARY ELIZABTH GIBBONS SUTHERLAND, NOW DECEASED, DEFENDANTS-APPELLEES

No. COA98-764

(Filed 6 April 1999)

### 1. Adoption— adopted children as trust beneficiaries—1935 trust

Two adopted children were entitled to take as "issue" or "descendants" under the terms of an irrevocable inter vivos trust created in 1935 where the natural children contended that adopted children were presumptively excluded in 1935 from taking as issue or descendants unless the terms of the trust clearly indicated an intent to include them; that the settlor here had given stock to the adoptive mother on the assumption that the adopted children could not take under the trust; and that the application of N.C.G.S. § 48-1-106(e) to allow the children to take ignores the circumstances existing at the time of the trust and the intent of the settlor, resulting in a windfall to the adopted children. The terms of the statute are clear and unambiguous; the trust was a written instrument executed before 1 October 1985 and no intention to exclude the adopted grandchildren plainly appears from the terms of the instrument. Also, the court did not err by granting defendant's motion to strike plaintiff's allegations regarding the purported gift of stock since N.C.G.S. § 48-1-106(e) precludes looking beyond the terms of the trust instrument in determining whether defendants share in the distribution of the trust.

### 2. Appeal and Error— notice of appeal—subsequent ruling on motion for attorney fees

The trial court erred in a declaratory judgment action to determine whether adopted children could take under a trust by ruling on defendants' motion for attorney fees pursuant to N.C.G.S. § 6-21(2) after plaintiffs gave notice of appeal from a judgment on the pleadings. The court stated that plaintiffs' action was without merit and the decision to award attorney fees was clearly affected by the outcome of the judgment from which plaintiffs appealed.

GIBBONS v. COLE

[132 N.C. App. 777 (1999)]

Appeal by plaintiffs from judgments entered 31 March 1998 and 13 August 1998 by Judge Sanford L. Steelman in Richmond County Superior Court. Heard in the Court of Appeals 15 February 1999.

On 31 December 1935, John Gibbons, Sr. ("Gibbons") created an irrevocable inter vivos trust for the benefit of his wife, Virginia Ware Gibbons, their four children, and "their successors." The trust provisions directed the trustee Wachovia Bank to distribute income to Gibbons' wife and their children during their lives. The trust further created a contingent remainder interest in the trust principal to those surviving "issue" or "descendants" of Gibbons' children per stirpes at the time of final termination and distribution of the trust. The trust instrument provided that the trust would terminate and the principal would be distributed to the surviving "issue" or "descendants" after the death of the "last survivor of Grantor's wife and children hereinabove named and when the youngest living grandchild of the Grantor shall attain the age of twenty-one (21) years." The trust instrument made no mention of adopted children or grandchildren.

In 1947, one of Gibbons' daughters, Virginia Gibbons Royston, adopted defendants Dawn Royston Cole and Philip Royston. According to plaintiffs, after Virginia adopted Cole and Royston, Gibbons gave "a substantial gift of stock" to Virginia for the benefit of Cole and Royston. Gibbons died on 27 December 1962. All of Gibbons' grandchildren, natural and adopted, have reached 21 years of age and Gibbons' last surviving child died on 2 February 1998, triggering termination of the trust.

On 20 November 1997, Gibbons' four natural grandchildren filed a declaratory judgment action, requesting the court to enter an order declaring that the adopted grandchildren, defendants Cole and Royston, are not entitled to share in the distribution of the trust. Defendants Cole and Royston moved to dismiss, requested judgment on the pleadings, and moved to strike the portions of plaintiffs' complaint that referred to the alleged gift of stock to Virginia Gibbons Royston. Defendant trustee Wachovia Bank agreed not to distribute the trust corpus until the trial court determined whether defendants were entitled to share in the distribution.

On 3 April 1998, the trial court granted defendants' motions to strike and for judgment on the pleadings, concluding that "defendants . . . are entitled to share in the distribution of income and principal of

the trust." In a written order, the trial court stated that defendants' motion for attorneys fees should be placed on the trial court calendar for 13 April 1998. On 27 April 1998, plaintiff-appellants gave notice of appeal from the trial court's entry of judgment on the pleadings. On 1 June 1998, the trial court held a hearing on defendants' motion for attorneys fees. On 13 August 1998, the trial court entered a final order granting defendants' attorneys. fees motion. On 17 August 1998, plaintiffs gave notice of appeal from the trial court's award of attorneys fees to defendants. Plaintiffs' appeals have been consolidated here.

*Shipman & Associates, L.L.P., by Gary K. Shipman and C. Wes Hodges, Jr., for plaintiff-appellants.*

*Etheridge, Moser, Garner & Bruner, P.A., by Terry R. Garner and Christopher N. Heiskell, for defendant-appellees.*

*Hunton & Williams, by Albert Diaz, for defendant Wachovia.*

*Thigpen & Jenkins, L.L.P., by James H. Jenkins, for defendant Mary Elizabeth Gibbons Sutherland (deceased).*

EAGLES, Chief Judge.

[1] The primary issue before us is whether, pursuant to G.S. 48-1-106(e), the two adopted children of Gibbons' daughter, Virginia Gibbons Royston, are entitled to take as "issue" or "descendants" under the terms of the irrevocable inter vivos trust created by Gibbons in 1935. G.S. 48-1-106(e) provides:

In any deed, grant, will, or other written instrument executed before October 1, 1985, the words "child," "grandchild," "heir," "issue," "descendant," or an equivalent, or any other word of like import, shall be held to include any adopted person after the entry of the decree of adoption, unless a contrary intention plainly appears from the terms of the instrument, whether the instrument was executed before or after the entry of the decree of adoption. The use of the phrase "hereafter born" or similar language in any such instrument to establish a class of persons shall not by itself be sufficient to exclude adoptees from inclusion in the class. In any deed, grant, will, or other written instrument executed on or after October 1, 1985, any reference to a natural person shall include any adopted person after the entry of the decree of adoption unless the instrument explicitly states that

adopted persons are excluded, whether the instrument was executed before or after the entry of the decree of adoption.

G.S. 48-1-106(e) (1996). As its text clearly indicates, G.S. 48-1-106(e) must be applied retroactively and gives adopted children the same rights as natural children to share in property conveyed through deeds, grants, wills, or other written instruments, unless the instruments expressly exclude them. Plaintiffs argue that G.S. 48-1-106(e) should not apply to defendants. Plaintiffs first contend that to allow defendants to share in the distribution conflicts with the intent of the settlor Gibbons. Plaintiffs contend that Gibbons' intent not to include defendants is evidenced by the "substantial gift of stock" that Gibbons purportedly gave to the defendants' mother for the benefit of the defendants. Plaintiffs argue that when the trust was executed in 1935 (before enactment of G.S. 48-1-106(e) in 1996), adopted children were presumptively excluded from taking as "issue" or "descendants" under the trust unless the terms of the trust clearly indicated an intent to include them. Plaintiffs contend that Gibbons wanted to provide equally for Gibbons' natural and adopted grandchildren and that he gave the stock to Virginia Gibbons Royston after she adopted the children on his assumption that they could not take as "issue" or "descendants" under the trust. According to plaintiffs, "the trial court's strict application of [G.S. 48-1-106(e)] ignores the circumstances existing at the time of the creation of the Trust, the intent of the settlor, and results in a windfall to the appellees, which clearly was not intended by the General Assembly in enacting the adoption statutes."

Plaintiffs' argument fails. The terms of the statute are clear and unambiguous. Accordingly, we must give G.S. 48-1-106(e) its plain and definite meaning. We are without power to create provisions and limitations not contained in the language of the statute itself. *State v. Green*, 348 N.C. 588, 596, 502 S.E.2d 819, 824 (1998). Here, the irrevocable inter vivos trust created in 1935 was clearly a "written instrument executed before October 1, 1985," and no intention to exclude the adopted grandchildren plainly appears from the terms of the instrument. Accordingly, we are required by G.S. 48-1-106(e) to conclude that the defendants are entitled to share in the distribution of the trust as "issue" or "descendants" of their adoptive mother, Virginia Gibbons Royston. In *Peele v. Finch*, 284 N.C. 375, 383, 200 S.E.2d 635, 641 (1973), the Supreme Court construed G.S. 48-23(3), the predecessor to 48-1-106(e), concluding that an adopted child was entitled to take under a will as "issue" of the testator's children pursuant to the statute. The *Peele* Court stated:

Clearly, the purpose of the Legislature in adding to G.S. 48-23[3], [now G.S. 48-1-106(e)] enacted almost immediately after the decision of this Court in Thomas v. Thomas, supra, was to change the law as there declared. The express provision of the statute is that in any will the word 'issue' shall be held to include any adopted person, unless the contrary plainly appears by the terms of the will itself. It is also expressly provided by the statute that such rule of construction shall apply whether the will was executed before or after the final order of adoption and irrespective of whether the will was executed before or after the enactment of the statute.

*Peele v. Finch*, 284 N.C. 375, 381-82, 200 S.E.2d 635, 640 (1973). *See also Wachovia Bank and Trust Co. v. Chambless*, 44 N.C. App. 95, 105, 260 S.E.2d 688, 695 (1979); and *Stoney v. MacDougall*, 31 N.C. App. 678, 681, 230 S.E.2d 592, 593 (1976), *cert. denied*, 291 N.C. 716, 232 S.E.2d 208 (1977).

We recognize that the application of G.S. 48-1-106(e) may cause arguably unfair results. However,

[t]he terms of the statute being clear, no construction of its provisions by this Court is required. In such event, it is our duty to apply the statute so as to carry out the intent of the Legislature, irrespective of any opinion we may have as to its wisdom or its injustice to the deceased testator, unless the statute exceeds the power of the Legislature under the Constitution.

*Peele v. Finch*, 284 N.C. 375, 382, 200 S.E.2d 635, 640 (1973) (citations omitted) (holding that G.S. 48-23 [now G.S. 48-1-106(e)] does not exceed the power of the legislature under the Constitution).

We also conclude that the trial court did not err in granting defendants' motion to strike plaintiffs' allegations regarding the purported gift of stock since G.S. 48-1-106(e) precludes us from looking beyond the terms of the trust instrument in determining whether defendants share in the distribution of the trust.

[2] We next address whether the trial court erred when it ruled on defendants' motion for attorneys fees pursuant to G.S. 6-21(2) after plaintiffs gave notice of appeal to this Court from the trial court's judgment on the pleadings. G.S. 1-294 (1996). G.S. 6-21(2) governs attorneys fees in this case and provides in pertinent part:

Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:

. . .

2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; . . . .

G.S. 6-21(2) (1997). Plaintiffs contend that the trial court erred in granting defendants' motion for fees because the court was without jurisdiction to proceed on the motion after appellants filed an appeal in this Court. We agree. The record shows that the trial court granted defendants' motion for judgment on the pleadings on 3 April 1998. On 27 April 1998, plaintiffs gave notice of appeal from the trial court's entry of judgment on the pleadings. On 1 June 1998, the trial court held a hearing on defendants' motion for attorneys fees. On 27 July 1998, the trial court entered a final order granting defendants' motion. G.S. 1-294 provides in pertinent part:

When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from . . . .

G.S. 1-294 (1996). In the final order granting defendants' motion for attorneys fees, while defendants appeal from judgment on the pleadings was pending, the trial court stated: "[T]he action of the plaintiffs was without merit. It would be inappropriate in such a matter to tax attorneys fees and costs against the trust corpus. In this matter, costs, including the defendants' reasonable attorneys fees, should be taxed against the plaintiffs." Here, the trial court's decision to award attorneys fees was clearly affected by the outcome of the judgment from which plaintiffs appealed. Accordingly, the appeal by plaintiffs from the judgment on the pleadings deprived the superior court of the authority to make further rulings in the case until it returns from this Court. G.S. 1-294. *Oshita v. Hill*, 65 N.C. App. 326, 330, 308 S.E.2d 923, 927 (1983). We vacate the trial court's award of attorneys fees and we remand to the trial court for further consideration regarding attorneys fees as the circumstances require.

We need not address plaintiffs' remaining assignments of error.

Affirmed in part and vacated and remanded in part.

Judges WYNN and EDMUNDS concur.