IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-487

No. COA20-165

Filed 21 September 2021

Mecklenburg County, No. 15CVD4500

NICOLE J. BLANCHARD, Plaintiff,

v.

DAVID M. BLANCHARD, Defendant.

Appeal by defendant from order entered 20 August 2019 by Judge Paige B. McThenia in District Court, Mecklenburg County. Heard in the Court of Appeals 26 January 2021.

*James, McElroy & Diehl, P.A., by Preston O. Odom, III, Jonathan D. Feit and Haley E. White, for plaintiff-appellee.*

*Collins Family Law Group, by Rebecca K. Watts, for defendant-appellant.*

STROUD, Chief Judge.

## I.    Procedural and Factual Background

More detailed facts of this case can be found in this Court's opinion in COA19-866, *Blanchard v. Blanchard*, filed concurrently with this opinion. We will repeat some of the background when relevant to this opinion. David M. Blanchard ("Father") and Nicole J. Blanchard ("Mother") were married and had three children. Father and Mother separated on 2 March 2015, and Mother filed a complaint including a claim for custody of the children on 5 March 2015. A consent order resolving custody issues

was entered on 6 November 2015 (the "Custody Order"), but Mother alleged that Father was not complying with certain provisions of the Custody Order, and she filed a "Motion for Contempt" (the "Contempt Motion") on 3 January 2019. Mother's Contempt Motion also requested an award of attorney's fees. The trial court found Father to be in violation of the Custody Order by an order for civil contempt entered 2 April 2019 (the "Contempt Order"). The Contempt Order reserved the issue of attorney's fees to be heard at a later date. Father filed a notice of appeal from the Contempt Order on 10 April 2019, which was later perfected—that appeal is COA19-866, which we resolve and file concurrently with this opinion.

¶ 2        On 17 June 2019, the trial court held a hearing on the issue of attorney's fees. Father argued that his appeal in COA19-866 had divested the trial court of jurisdiction to hear the matter. After reviewing briefs on this issue from both parties, the trial court determined it was not divested of jurisdiction to rule on the request for attorney's fees. By order entered 20 August 2019 (the "Fee Order"), the trial court ordered Father to pay reasonable attorney's fees Mother had incurred as a result of the contempt action. Father appealed the Fee Order by filing a notice of appeal on 25 September 2019.

## II.    Analysis

¶ 3        In Father's sole argument, he contends his 10 April 2019 appeal from the Custody Order, COA19-866, divested the trial court of jurisdiction to consider the

issue of attorney's fees during the pendency of the appeal in COA19-866. Father further contends that because the trial court lacked jurisdiction to enter the Fee Order, the Fee Order is void and must be vacated. We disagree.

Father frames the issue before us as follows:

> The question presented by this appeal is whether during the pendency of an appeal of a civil contempt order in a custody case the trial court is divested of jurisdiction to hear an N.C. Gen. Stat. § 50-13.6 (2017) attorney fee claim for time spent litigating the custody contempt matter.

Father therefore acknowledges that the attorney's fees were granted to Mother under N.C. Gen. Stat. § 50-13.6.

Father primarily argues that a holding in *Balawejder v. Balawejder*, 216 N.C. App. 301, 721 S.E.2d 679 (2011), compels this Court to vacate the Fee Order as void for lack of subject matter jurisdiction. Mother contends that *Balawejder* was decided contrary to the prior established precedent of our appellate courts and, therefore, does not control on the issue before us. Father agrees that if two opinions are directly conflicting on an issue, the earlier opinion controls and, as to the relevant issue, the reasoning and holdings of the later opinion would be a nullity.

Both parties cite *Huml v. Huml*, 264 N.C. App. 376, 826 S.E.2d 532 (2019), acknowledging "that if there is a conflicting line of cases, this Court" is "bound to follow" "the older of the two cases." In *Huml*, this Court held:

> Where there is a conflict in cases issued by this Court

addressing an issue, we are bound to follow the "earliest relevant opinion" to resolve the conflict:

> Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court. Further, our Supreme Court has clarified that, where there is a conflicting line of cases, a panel of this Court should follow the older of those two lines. With that in mind, we find *Skipper* and *Vaughn* are irreconcilable on this point of law and, as such, constitute a conflicting line of cases. Because *Vaughn* is the older of those two cases, we employ its reasoning here.

> *State v. Gardner*, 225 N.C. App. 161, 169, 736 S.E.2d 826, 832 (2013) (citations and quotation marks omitted).

*Huml*, 264 N.C. App. at 395, 826 S.E.2d at 545; *see also Graham v. Deutsche Bank Nat. Tr. Co.*, 239 N.C. App. 301, 306–07, 768 S.E.2d 614, 618 (2015). Therefore, if we determine that an earlier opinion of this Court, or any opinion from our Supreme Court, directly conflicts with the relevant holdings in *Balawejder*, we must reject the conflicting holding(s) found in *Balawejder* and follow the controlling precedent. But we must first determine if the holding in *Balawejder* actually conflicts with any prior opinions of this Court, or any opinions of our Supreme Court.

¶ 7    In order to undertake this analysis, we first consider the statutes relevant to Father's arguments, as the trial court's jurisdiction to consider statutory relief is granted by the General Assembly, and determined by this Court upon review by first

considering the language used by the General Assembly.  N.C. Gen. Stat. § 50-13.6 states in relevant part:

> In an action or *proceeding* for the *custody* . . . of a minor child . . . the court may in its discretion order payment of *reasonable* attorney's fees to an *interested party acting in good faith* who has *insufficient means* to defray the expense of the suit.

N.C. Gen. Stat. § 50-13.6 (2017) (emphasis added).

¶ 8        Father contends that the requirements of N.C. Gen. Stat. § 1-294 (2017) divested the trial court of jurisdiction to consider attorney's fees under N.C. Gen. Stat. § 50-13.6 and, therefore, the Fee Order is void for lack of subject-matter jurisdiction. N.C. Gen. Stat. § 1-294 states:  "When an appeal is perfected . . . it stays all further proceedings in the court below upon the judgment appealed from, . . . but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from."  N.C. Gen. Stat. § 1-294 (2017).

¶ 9        The issue of the subject matter jurisdiction retained by the trial court when one of its orders or judgments in an action is appealed is not new to the appellate courts of this state, as noted in this statement by our Supreme Court of the general rule:

> An appeal from a judgment rendered in the Superior Court takes the case out of the jurisdiction of the Superior Court. Thereafter, pending the appeal, the judge is *functus officio*. *Bledsoe v. Nixon*, 69 N.C. 81; *State v. Lea*, 203 N.C. 316, 166 S.E. 292; *Vaughan v. Vaughan*, 211 N.C. 354, 190 S.E.

492; *Ridenhour v. Ridenhour*, 225 N.C. 508, 35 S.E.2d 617; *Lawrence v. Lawrence*, 226 N.C. 221, 37 S.E.2d 496.

*Hoke v. Greyhound Corp.*, 227 N.C. 374, 375, 42 S.E.2d 407, 408 (1947) (some citations omitted): *see also McClure v. Cty. of Jackson*, 185 N.C. App. 462, 469, 648 S.E.2d 546, 550 (2007).  However, the general rule has clear statutory exceptions, including the exception in N.C. Gen. Stat. § 1-294.  *McClure*, 185 N.C. App. at 471, 648 S.E.2d at 551.

¶ 10        In *McClure*, this Court addressed an order for attorney's costs and attorney's fees based upon "N.C. Gen. Stat. §§ 6–1, 6–20, 6–19.1 and 7A–314" and "the Open Meetings Law, N.C. Gen. Stat. § 143–318.16B."  *McClure*, 185 N.C. App. at 466, 648 S.E.2d at 548.  Under the relevant statutes in *McClure*, attorney's fees could only be awarded to the "prevailing party."  N.C. Gen. Stat. § 6-1 (2019) (noting attorney's fees may be awarded "[t]o the party for whom judgment is given"); N.C. Gen. Stat. § 6-19.1 (2019) ("[T]he court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees[.]"); N.C. Gen. Stat. § 143-318.16B (2019) (noting the trial court "may award the prevailing party or parties a reasonable attorney's fee"); s*ee also Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.,* 143 N.C. App. 1, 13, 545 S.E.2d 745, 752 (2001) ("[S]ection 6–20 does not authorize a trial court to include attorney's fees as a part of the costs awarded under that section, unless specifically permitted by another statute."); N.C. Gen. Stat. § 7A-314 (2019) (controlling "fees for "experts" and

other "witnesses[,]" not attorney's fees). The Court in *McClure* discussed the

application of N.C. Gen. Stat. § 1-294 in this context:

> The question of whether the trial court had jurisdiction to decide the issue of attorney's fees is addressed by N.C. Gen. Stat. § 1–294, the pertinent portion of which reads:
>
> > When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.
>
> . . . .
>
> This Court has dealt in a number of cases with the question of whether a trial court has jurisdiction to enter an award of attorney's fees following the filing of notice of appeal. In *Brooks v. Giesey*, 106 N.C. App. 586, 590–91, 418 S.E.2d 236, 238 (1992), this Court stated that:
>
> > Under a statute such as section 6–21.5, *which contains a "prevailing party" requirement,* the parties should *not be required to litigate fees when the appeal could moot the issue.* Furthermore, upon filing of a notice of appeal, a trial court in North Carolina is divested of jurisdiction *with regard to all matters embraced within or affected by* the judgment which is the subject of the appeal. N.C. Gen. Stat. § 1–294 (1983).
>
> This logic was followed in the case of *Gibbons v. Cole*, 132 N.C. App. 777, 782, 513 S.E.2d 834, 837 (1999). In that case, the trial court entered an order, dismissing plaintiff's complaint. At the time of the hearing, defendants moved for an award of attorney's fees and filed affidavits in support of the motion. The trial court in the written order of dismissal set a hearing on the motion for attorney's fees for a later date, in order to allow plaintiffs an opportunity

to review and respond to the affidavits. Prior to the hearing on attorney's fees, plaintiffs filed notice of appeal. A hearing was subsequently held, and attorney's fees were awarded to defendants. We held that "the appeal by plaintiffs from the judgment on the pleadings deprived the superior court of the authority to make further rulings in the case until it returns from this Court." *Id.*

There are several cases which appear to indicate a contrary result but are distinguishable. *In In re Will of Dunn*, 129 N.C. App. 321, 500 S.E.2d 99 (1998), this Court held that in a will caveat case, the trial court could enter an award of attorney's fees after the filing of notice of appeal, because the "decision to award costs and attorney's fees was not affected by the outcome of the judgment from which caveator appealed[.]" *Id.* at 329, 500 S.E.2d at 104–05. This holding is restricted to caveat proceedings *where the trial court has the discretion to award attorney's fees as costs to attorneys for both sides. Id.* at 330, 500 S.E.2d at 105. In the case of *Surles v. Surles*, 113 N.C. App. 32, 437 S.E.2d 661 (1993), the trial court orally announced its judgment in a child custody case in open court, expressly reserving the issue of attorney's fees. Prior to the entry of a written judgment, one of the parties gave notice of appeal. Subsequently, the trial court conducted a hearing on a motion for attorney's fees. Written orders on the custody matter and attorney's fees were entered after the notice of appeal was filed. This Court held that the trial court "retained the authority to consider the issue since attorney's fees were within the court's 'oral announcements'" and the written orders "conformed substantially" to those "oral announcements." *Id.* at 43, 437 S.E.2d at 667.

*McClure*, 185 N.C. App. at 469-70, 648 S.E.2d at 550-51 (emphasis added).

¶ 11     In *McClure*, this Court stated as an additional basis for finding the trial court

lacked jurisdiction to enter the order for attorney's fees: "Further, the facts in

*Gibbons* are indistinguishable from the instant case." *Id.* at 471, 648 S.E.2d at 551

(citing *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), and holding

this Court was bound by its earlier decision in *Gibbons*). In *Gibbons*, this Court held:

> Here, the trial court's decision to award attorneys fees *was clearly affected by the outcome of the judgment* from which plaintiffs appealed. *Accordingly*, the appeal by plaintiffs from the judgment on the pleadings deprived the superior court of the authority to make further rulings in the case until it returns from this Court. G.S. 1–294; *Oshita v. Hill*, 65 N.C. App. 326, 330, 308 S.E.2d 923, 927 (1983). We vacate the trial court's award of attorneys fees and we remand to the trial court for further consideration regarding attorneys fees as the circumstances require.

*Gibbons v. Cole*, 132 N.C. App. 777, 782, 513 S.E.2d 834, 837 (1999) (emphasis added).

Ultimately, the Court in *McClure* "reverse[d] the trial court's order awarding plaintiff

attorney's fees for lack of jurisdiction" based on the fact that the underlying order was

on appeal, and "the award of attorney's fees was based upon the plaintiff being the

'prevailing party' in the proceedings" so "the exception set forth in N.C. Gen. Stat. §

1–294 [wa]s not applicable." *McClure*, 185 N.C. App. at 469–72, 648 S.E.2d at 550–

52. However, as in *Gibbons*, the issue of attorney's fees was "remand[ed] . . . to the

superior court for consideration of the question of attorney's fees consistent with this

opinion"—*i.e.*, pursuant to a statute falling within the exception granted in N.C. Gen.

Stat. § 1–294. *Id.* at 472, 648 S.E.2d at 552.

¶ 12        Husband interprets *Balawejder* as conflicting with *McClure,* but this Court in *Balawejder* actually relied upon *McClure* in its analysis: "When, as in the instant case, the award of attorney's fees *was based upon the plaintiff being the 'prevailing party' in the proceedings*, the exception set forth in N.C. Gen. Stat. § 1–294 is *not* applicable." *Balawejder*, 216 N.C. App. at 320, 721 S.E.2d at 690 (emphasis added) (citing *McClure,* 185 N.C. App. at 471, 648 S.E.2d at 551). Conversely, when an award of attorney's fees will <u>not</u> be affected by the ultimate decision in the appeal of the underlying action, no matter which party prevails nor how the issues are decided, the exception in N.C. Gen. Stat. § 1–294 <u>is</u> applicable, and *jurisdiction to decide the issue of attorney's fees remains with the trial court*—without regard to the appellate status of the underlying substantive ruling of the trial court. N.C. Gen. Stat. § 1–294; *McClure*, 185 N.C. App. at 471, 648 S.E.2d at 551. Of course, *McClure* predates *Balawejder*, as do *Dunn, Gibbons*, and other opinions decided consistent with the plain language in N.C. Gen. Stat. § 1–294. The clear precedent demonstrates that the trial court is *not* divested of jurisdiction if the award of attorney's fees is *not dependent upon* the outcome of the appeal of the rulings on the substantive issues. *See Swink v. Weintraub*, 195 N.C. App. 133, 160, 672 S.E.2d 53, 70 (2009).

¶ 13        We also note *Balawejder* had some procedural irregularities and defects in the record and the specific statutory and factual basis for the award of attorney's fees in *Balawejder* was not noted in our opinion and, therefore, could not have been a factor

in this Court's analysis and decision in that opinion. *See generally Balawejder*, 216 N.C. App. 301, 721 S.E.2d 679. In *Balawejder*, the trial court's order addressed issues of modification of child custody and child support but, as noted, the basis upon which the trial court ordered the attorney's fees is not identified in the opinion. *Id.* at 304, 721 S.E.2d at 681. In addition, the plaintiff in *Balawejder* claimed to be appealing from a "'Memorandum of Judgment/Order entered by Rebecca Thorn Tin, District Court Judge, entered on July 2010 [sic] that awarded Defendant attorney's fees in this Matter,'" but no such order was included in the record. *Id.* at 319, 721 S.E.2d at 690. Instead, the record included an attorney's fees order entered on 1 October 2010, from which the plaintiff had not given proper notice of appeal. *Id.* Nonetheless, the *Balawejder* Court stated that the award of attorney fees in that case was based upon the plaintiff being the "prevailing party." *Id.* at 320, 721 S.E.2d at 690. This Court's decision in *Balawejder*—holding that if the award of attorney's fees is predicated on the party to whom the fees were awarded prevailing on appeal, the exception to the general rule, both of which are set forth in N.C. Gen. Stat. § 1–294, does not apply— is consistent with the analyses in *McClure* and other cases cited above. *Id.* Having found that the basis for the award of attorney's fees in *Balawejder* was *dependent on the outcome of the appeal* from the underlying substantive order, this Court further determined, in accordance with N.C. Gen. Stat. § 1–294, that the trial court had been divested of jurisdiction by the appeal of that prior order. *Id.*

¶ 14     We hold "under the controlling reasoning of *McClure*, *Gibbons*, [] *Brooks*," *Safie Mfg. Co.*, *Herring*, *Hinson*, *Green*, *Cox*, and other opinions herein cited, that it is *only* when "an award of costs is directly dependent upon whether the judgment is sustained on appeal[,]" that, under N.C. Gen. Stat. § 1–294, the "trial court lacks jurisdiction to enter an award of costs . . . once notice of appeal has been filed as to the [underlying] judgment." *Swink*, 195 N.C. App. at 160, 672 S.E.2d at 70. Therefore, the question relevant to the analysis in this case is whether the award of attorney's fees to Mother under N.C. Gen. Stat. § 50-13.6 constituted a "matter included in the action and not affected by the judgment appealed from." N.C. Gen. Stat. § 1-294. Nothing in the plain language of the statute suggests a determination that an interested party has acted in good faith or has insufficient means to cover the costs associated with the action are determinations contingent on the ultimate outcome of an appeal, by either party, from the underlying judgment. *Id.* In prior cases, awards of attorney's fees under N.C. Gen. Stat. § 50-13.6 have been upheld even for the party who did not prevail at trial. *See Burr v. Burr*, 153 N.C. App. 504, 570 S.E.2d 222 (2002). For example, in *Burr*, this Court affirmed in part an order awarding attorney's fees to the defendant, who was not the prevailing party. *Id.* at 506, 570 S.E.2d at 224. In *Burr*, the trial court awarded custody to the plaintiff and ordered the defendant to pay child support, but also ordered plaintiff, the prevailing party, to pay defendant's attorney fees as to the child custody and support claims. *Id.*

at 506–07, 570 S.E.2d at 224.

¶ 15    *Burr* helps demonstrate that the clear intent of N.C. Gen. Stat. § 50-13.6 is to allow the trial court the discretion to ensure one parent in a custody action will not have an inequitable advantage over the other parent—based upon a parent's inability to afford qualified counsel. *See Id.* at 506, 570 S.E.2d at 224. North Carolina General Statute § 50-13.6 concerns leveling the field in a custody action by ensuring each parent has competent representation. N.C. Gen. Stat. § 50-13.6. The trial court's authority to award attorney's fees under N.C. Gen. Stat. § 50-13.6 does not depend upon who "wins" any particular ruling in a custody proceeding. *See Burr*, 153 N.C. App. at 506, 570 S.E.2d at 224 ("Plaintiff here argues that because defendant did not prevail at trial, the award of attorney's fees to defendant was improper. We disagree."). This Court in *Burr*, citing our Supreme Court, recognized two findings the trial court must make to award attorney's fees under N.C. Gen. Stat. § 50-13.6:

> Th[e] award of attorney's fees is not left to the court's unbridled discretion; it must find facts to support its award. *See Stanback v. Stanback*, 287 N.C. 448, 215 S.E.2d 30 (1975), *Hudson v. Hudson*, 299 N.C. 465, 263 S.E.2d 719 (1980). Specifically, the trial court was required to make two findings of fact: that the party to whom attorney's fees were awarded was (1) acting in good faith and (2) has insufficient means to defray the expense of the suit. *Hudson*, 299 N.C. at 472, 263 S.E.2d at 723. "When the statutory requirements have been met, the amount of attorney's fees to be awarded rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion." *Hudson*, 299 N.C. at 472, 263

S.E.2d at 724.

*Burr*, 153 N.C. App. at 506, 570 S.E.2d at 224.

¶ 16        In *Wiggins*, the plaintiff argued that, after the appeal of the order denying the

plaintiff's motion for civil contempt in a custody action, the trial court was without

jurisdiction to order attorney's fees under N.C. Gen. Stat. § 50-13.6, "because [the]

defendant was not both the moving and prevailing party[.]"  *Wiggins*, 198 N.C. App.

at 696, 679 S.E.2d at 877.  This Court concluded:

> If the proceeding is one covered by N.C. Gen. Stat. § 50-
> 13.6, as is the case here, *and the trial court makes the two
> required findings regarding good faith and insufficient
> means*, then *it is immaterial whether the recipient of the
> fees was* either the movant or *the prevailing party*.  Thus,
> we hold the trial court had statutory authority to award
> fees to defendant in this case.

*Id.* at 696–97, 679 S.E.2d at 877 (emphasis added).

¶ 17        In this case, the trial court made extensive findings of fact in the Fee Order,

which are not challenged by Father, and thus binding on appeal.  *In re Schiphof*, 192

N.C. App. 696, 700, 666 S.E.2d 497, 500 (2008).  The trial court also made the

following unchallenged ultimate findings and conclusions, which are supported by

the findings of fact:

> Pursuant to N.C.G.S. § 50-13.6 and applicable North
> Carolina case law, []Mother is an interested party, acting
> in good faith, and lacks sufficient means to fully defray the
> costs of litigation in relation to her Motion for Contempt,
> and she therefore is entitled to an award of attorney's fees

incurred in connection with her Motion for Contempt.

None of the necessary findings made by the trial court were dependent on Mother's success at trial, and none will be affected by our decisions in Father's appeal of the underlying custody order in COA19-866. Since the award of attorney's fees in the Fee Order was not dependent upon the outcome of the contempt proceeding in the underlying custody action, Father's appeal of the Custody Order in COA19-866 did not divest the trial court of jurisdiction to enter the Fee Order granting Mother attorney's fees under N.C. Gen. Stat. § 50-13.6. N.C. Gen. Stat. § 1-294; N.C. Gen. Stat. § 50-13.6; *Burr*, 153 N.C. App. at 506, 570 S.E.2d at 224; *Wiggins*, 198 N.C. App. at 696–97, 679 S.E.2d at 877. The trial court, having retained jurisdiction to award Mother attorney's fees under N.C. Gen. Stat. § 50-13.6, even after the appeal in COA19-866 was filed and perfected, conducted a hearing and entered the Fee Order including the unchallenged ultimate findings and conclusions that Mother, an interested party, acted in good faith and lacked sufficient means to defray the costs of litigation. These findings were sufficient to support the award of attorney's fees under N.C. Gen. Stat. § 50-13.6. For the reasons discussed above, we hold that the trial court had jurisdiction to enter an award of attorney's fees under N.C. Gen. Stat. § 50-13.6 after Father appealed the order in COA19-866, and Father fails to demonstrate any error in the Fee Order. We therefore affirm.

AFFIRMED.

Judges ZACHARY and GORE concur.