IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-487

 No. COA20-165

 Filed 21 September 2021

 Mecklenburg County, No. 15CVD4500

 NICOLE J. BLANCHARD, Plaintiff,

 v.

 DAVID M. BLANCHARD, Defendant.

 Appeal by defendant from order entered 20 August 2019 by Judge Paige B.

 McThenia in District Court, Mecklenburg County. Heard in the Court of Appeals 26

 January 2021.

 James, McElroy & Diehl, P.A., by Preston O. Odom, III, Jonathan D. Feit and
 Haley E. White, for plaintiff-appellee.

 Collins Family Law Group, by Rebecca K. Watts, for defendant-appellant.

 STROUD, Chief Judge.

 I. Procedural and Factual Background

¶1 More detailed facts of this case can be found in this Court’s opinion in COA19-

 866, Blanchard v. Blanchard, filed concurrently with this opinion. We will repeat

 some of the background when relevant to this opinion. David M. Blanchard (“Father”)

 and Nicole J. Blanchard (“Mother”) were married and had three children. Father and

 Mother separated on 2 March 2015, and Mother filed a complaint including a claim

 for custody of the children on 5 March 2015. A consent order resolving custody issues
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

 was entered on 6 November 2015 (the “Custody Order”), but Mother alleged that

 Father was not complying with certain provisions of the Custody Order, and she filed

 a “Motion for Contempt” (the “Contempt Motion”) on 3 January 2019. Mother’s

 Contempt Motion also requested an award of attorney’s fees. The trial court found

 Father to be in violation of the Custody Order by an order for civil contempt entered

 2 April 2019 (the “Contempt Order”). The Contempt Order reserved the issue of

 attorney’s fees to be heard at a later date. Father filed a notice of appeal from the

 Contempt Order on 10 April 2019, which was later perfected—that appeal is COA19-

 866, which we resolve and file concurrently with this opinion.

¶2 On 17 June 2019, the trial court held a hearing on the issue of attorney’s fees.

 Father argued that his appeal in COA19-866 had divested the trial court of

 jurisdiction to hear the matter. After reviewing briefs on this issue from both parties,

 the trial court determined it was not divested of jurisdiction to rule on the request for

 attorney’s fees. By order entered 20 August 2019 (the “Fee Order”), the trial court

 ordered Father to pay reasonable attorney’s fees Mother had incurred as a result of

 the contempt action. Father appealed the Fee Order by filing a notice of appeal on

 25 September 2019.

 II. Analysis

¶3 In Father’s sole argument, he contends his 10 April 2019 appeal from the

 Custody Order, COA19-866, divested the trial court of jurisdiction to consider the
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

 issue of attorney’s fees during the pendency of the appeal in COA19-866. Father

 further contends that because the trial court lacked jurisdiction to enter the Fee

 Order, the Fee Order is void and must be vacated. We disagree.

¶4 Father frames the issue before us as follows:

 The question presented by this appeal is whether during
 the pendency of an appeal of a civil contempt order in a
 custody case the trial court is divested of jurisdiction to
 hear an N.C. Gen. Stat. § 50-13.6 (2017) attorney fee claim
 for time spent litigating the custody contempt matter.

 Father therefore acknowledges that the attorney’s fees were granted to Mother under

 N.C. Gen. Stat. § 50-13.6.

¶5 Father primarily argues that a holding in Balawejder v. Balawejder, 216 N.C.

 App. 301, 721 S.E.2d 679 (2011), compels this Court to vacate the Fee Order as void

 for lack of subject matter jurisdiction. Mother contends that Balawejder was decided

 contrary to the prior established precedent of our appellate courts and, therefore, does

 not control on the issue before us. Father agrees that if two opinions are directly

 conflicting on an issue, the earlier opinion controls and, as to the relevant issue, the

 reasoning and holdings of the later opinion would be a nullity.

¶6 Both parties cite Huml v. Huml, 264 N.C. App. 376, 826 S.E.2d 532 (2019),

 acknowledging “that if there is a conflicting line of cases, this Court” is “bound to

 follow” “the older of the two cases.” In Huml, this Court held:

 Where there is a conflict in cases issued by this Court
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

 addressing an issue, we are bound to follow the “earliest
 relevant opinion” to resolve the conflict:

 Where a panel of the Court of Appeals has decided
 the same issue, albeit in a different case, a
 subsequent panel of the same court is bound by that
 precedent, unless it has been overturned by a higher
 court. Further, our Supreme Court has clarified
 that, where there is a conflicting line of cases, a
 panel of this Court should follow the older of those
 two lines. With that in mind, we find Skipper and
 Vaughn are irreconcilable on this point of law and,
 as such, constitute a conflicting line of cases.
 Because Vaughn is the older of those two cases, we
 employ its reasoning here.

 State v. Gardner, 225 N.C. App. 161, 169, 736 S.E.2d 826,
 832 (2013) (citations and quotation marks omitted).

 Huml, 264 N.C. App. at 395, 826 S.E.2d at 545; see also Graham v. Deutsche Bank

 Nat. Tr. Co., 239 N.C. App. 301, 306–07, 768 S.E.2d 614, 618 (2015). Therefore, if we

 determine that an earlier opinion of this Court, or any opinion from our Supreme

 Court, directly conflicts with the relevant holdings in Balawejder, we must reject the

 conflicting holding(s) found in Balawejder and follow the controlling precedent. But

 we must first determine if the holding in Balawejder actually conflicts with any prior

 opinions of this Court, or any opinions of our Supreme Court.

¶7 In order to undertake this analysis, we first consider the statutes relevant to

 Father’s arguments, as the trial court’s jurisdiction to consider statutory relief is

 granted by the General Assembly, and determined by this Court upon review by first
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

 considering the language used by the General Assembly. N.C. Gen. Stat. § 50-13.6

 states in relevant part:

 In an action or proceeding for the custody . . . of a minor
 child . . . the court may in its discretion order payment of
 reasonable attorney’s fees to an interested party acting in
 good faith who has insufficient means to defray the expense
 of the suit.

 N.C. Gen. Stat. § 50-13.6 (2017) (emphasis added).

¶8 Father contends that the requirements of N.C. Gen. Stat. § 1-294 (2017)

 divested the trial court of jurisdiction to consider attorney’s fees under N.C. Gen. Stat.

 § 50-13.6 and, therefore, the Fee Order is void for lack of subject-matter jurisdiction.

 N.C. Gen. Stat. § 1-294 states: “When an appeal is perfected . . . it stays all further

 proceedings in the court below upon the judgment appealed from, . . . but the court

 below may proceed upon any other matter included in the action and not affected by

 the judgment appealed from.” N.C. Gen. Stat. § 1-294 (2017).

¶9 The issue of the subject matter jurisdiction retained by the trial court when

 one of its orders or judgments in an action is appealed is not new to the appellate

 courts of this state, as noted in this statement by our Supreme Court of the general

 rule:

 An appeal from a judgment rendered in the Superior Court
 takes the case out of the jurisdiction of the Superior Court.
 Thereafter, pending the appeal, the judge is functus officio.
 Bledsoe v. Nixon, 69 N.C. 81; State v. Lea, 203 N.C. 316,
 166 S.E. 292; Vaughan v. Vaughan, 211 N.C. 354, 190 S.E.
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

 492; Ridenhour v. Ridenhour, 225 N.C. 508, 35 S.E.2d 617;
 Lawrence v. Lawrence, 226 N.C. 221, 37 S.E.2d 496.

 Hoke v. Greyhound Corp., 227 N.C. 374, 375, 42 S.E.2d 407, 408 (1947) (some citations

 omitted): see also McClure v. Cty. of Jackson, 185 N.C. App. 462, 469, 648 S.E.2d 546,

 550 (2007). However, the general rule has clear statutory exceptions, including the

 exception in N.C. Gen. Stat. § 1-294. McClure, 185 N.C. App. at 471, 648 S.E.2d at

 551.

¶ 10 In McClure, this Court addressed an order for attorney’s costs and attorney’s

 fees based upon “N.C. Gen. Stat. §§ 6–1, 6–20, 6–19.1 and 7A–314” and “the Open

 Meetings Law, N.C. Gen. Stat. § 143–318.16B.” McClure, 185 N.C. App. at 466, 648

 S.E.2d at 548. Under the relevant statutes in McClure, attorney’s fees could only be

 awarded to the “prevailing party.” N.C. Gen. Stat. § 6-1 (2019) (noting attorney’s fees

 may be awarded “[t]o the party for whom judgment is given”); N.C. Gen. Stat. § 6-

 19.1 (2019) (“[T]he court may, in its discretion, allow the prevailing party to recover

 reasonable attorney’s fees[.]”); N.C. Gen. Stat. § 143-318.16B (2019) (noting the trial

 court “may award the prevailing party or parties a reasonable attorney’s fee”); see

 also Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc., 143 N.C. App. 1, 13, 545 S.E.2d 745,

 752 (2001) (“[S]ection 6–20 does not authorize a trial court to include attorney’s fees

 as a part of the costs awarded under that section, unless specifically permitted by

 another statute.”); N.C. Gen. Stat. § 7A-314 (2019) (controlling “fees for “experts” and
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

other “witnesses[,]” not attorney’s fees). The Court in McClure discussed the

application of N.C. Gen. Stat. § 1-294 in this context:

 The question of whether the trial court had jurisdiction to
 decide the issue of attorney’s fees is addressed by N.C. Gen.
 Stat. § 1–294, the pertinent portion of which reads:

 When an appeal is perfected as provided by this Article
 it stays all further proceedings in the court below upon
 the judgment appealed from, or upon the matter
 embraced therein; but the court below may proceed
 upon any other matter included in the action and not
 affected by the judgment appealed from.

 ....

 This Court has dealt in a number of cases with the question
 of whether a trial court has jurisdiction to enter an award
 of attorney’s fees following the filing of notice of appeal. In
 Brooks v. Giesey, 106 N.C. App. 586, 590–91, 418 S.E.2d
 236, 238 (1992), this Court stated that:

 Under a statute such as section 6–21.5, which contains
 a “prevailing party” requirement, the parties should not
 be required to litigate fees when the appeal could moot
 the issue. Furthermore, upon filing of a notice of appeal,
 a trial court in North Carolina is divested of jurisdiction
 with regard to all matters embraced within or affected
 by the judgment which is the subject of the appeal. N.C.
 Gen. Stat. § 1–294 (1983).

 This logic was followed in the case of Gibbons v. Cole, 132
 N.C. App. 777, 782, 513 S.E.2d 834, 837 (1999). In that
 case, the trial court entered an order, dismissing plaintiff’s
 complaint. At the time of the hearing, defendants moved
 for an award of attorney’s fees and filed affidavits in
 support of the motion. The trial court in the written order
 of dismissal set a hearing on the motion for attorney’s fees
 for a later date, in order to allow plaintiffs an opportunity
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

 to review and respond to the affidavits. Prior to the
 hearing on attorney’s fees, plaintiffs filed notice of appeal.
 A hearing was subsequently held, and attorney’s fees were
 awarded to defendants. We held that “the appeal by
 plaintiffs from the judgment on the pleadings deprived the
 superior court of the authority to make further rulings in
 the case until it returns from this Court.” Id.

 There are several cases which appear to indicate a contrary
 result but are distinguishable. In In re Will of Dunn, 129
 N.C. App. 321, 500 S.E.2d 99 (1998), this Court held that
 in a will caveat case, the trial court could enter an award
 of attorney’s fees after the filing of notice of appeal, because
 the “decision to award costs and attorney’s fees was not
 affected by the outcome of the judgment from which
 caveator appealed[.]” Id. at 329, 500 S.E.2d at 104–05.
 This holding is restricted to caveat proceedings where the
 trial court has the discretion to award attorney’s fees as
 costs to attorneys for both sides. Id. at 330, 500 S.E.2d at
 105. In the case of Surles v. Surles, 113 N.C. App. 32, 437
 S.E.2d 661 (1993), the trial court orally announced its
 judgment in a child custody case in open court, expressly
 reserving the issue of attorney’s fees. Prior to the entry of
 a written judgment, one of the parties gave notice of
 appeal. Subsequently, the trial court conducted a hearing
 on a motion for attorney’s fees. Written orders on the
 custody matter and attorney’s fees were entered after the
 notice of appeal was filed. This Court held that the trial
 court “retained the authority to consider the issue since
 attorney’s fees were within the court’s ‘oral
 announcements’” and the written orders “conformed
 substantially” to those “oral announcements.” Id. at 43,
 437 S.E.2d at 667.

 McClure, 185 N.C. App. at 469-70, 648 S.E.2d at 550-51 (emphasis added).

¶ 11 In McClure, this Court stated as an additional basis for finding the trial court

 lacked jurisdiction to enter the order for attorney’s fees: “Further, the facts in
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

Gibbons are indistinguishable from the instant case.” Id. at 471, 648 S.E.2d at 551

(citing In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), and holding

this Court was bound by its earlier decision in Gibbons). In Gibbons, this Court held:

 Here, the trial court’s decision to award attorneys fees was
 clearly affected by the outcome of the judgment from which
 plaintiffs appealed. Accordingly, the appeal by plaintiffs
 from the judgment on the pleadings deprived the superior
 court of the authority to make further rulings in the case
 until it returns from this Court. G.S. 1–294; Oshita v. Hill,
 65 N.C. App. 326, 330, 308 S.E.2d 923, 927 (1983). We
 vacate the trial court’s award of attorneys fees and we
 remand to the trial court for further consideration
 regarding attorneys fees as the circumstances require.

Gibbons v. Cole, 132 N.C. App. 777, 782, 513 S.E.2d 834, 837 (1999) (emphasis added).

Ultimately, the Court in McClure “reverse[d] the trial court’s order awarding plaintiff

attorney’s fees for lack of jurisdiction” based on the fact that the underlying order was

on appeal, and “the award of attorney’s fees was based upon the plaintiff being the

‘prevailing party’ in the proceedings” so “the exception set forth in N.C. Gen. Stat. §

1–294 [wa]s not applicable.” McClure, 185 N.C. App. at 469–72, 648 S.E.2d at 550–

52. However, as in Gibbons, the issue of attorney’s fees was “remand[ed] . . . to the

superior court for consideration of the question of attorney’s fees consistent with this

opinion”—i.e., pursuant to a statute falling within the exception granted in N.C. Gen.

Stat. § 1–294. Id. at 472, 648 S.E.2d at 552.
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

¶ 12 Husband interprets Balawejder as conflicting with McClure, but this Court in

 Balawejder actually relied upon McClure in its analysis: “When, as in the instant

 case, the award of attorney’s fees was based upon the plaintiff being the ‘prevailing

 party’ in the proceedings, the exception set forth in N.C. Gen. Stat. § 1–294 is not

 applicable.” Balawejder, 216 N.C. App. at 320, 721 S.E.2d at 690 (emphasis added)

 (citing McClure, 185 N.C. App. at 471, 648 S.E.2d at 551). Conversely, when an

 award of attorney’s fees will not be affected by the ultimate decision in the appeal of

 the underlying action, no matter which party prevails nor how the issues are decided,

 the exception in N.C. Gen. Stat. § 1–294 is applicable, and jurisdiction to decide the

 issue of attorney’s fees remains with the trial court—without regard to the appellate

 status of the underlying substantive ruling of the trial court. N.C. Gen. Stat. § 1–

 294; McClure, 185 N.C. App. at 471, 648 S.E.2d at 551. Of course, McClure predates

 Balawejder, as do Dunn, Gibbons, and other opinions decided consistent with the

 plain language in N.C. Gen. Stat. § 1–294. The clear precedent demonstrates that

 the trial court is not divested of jurisdiction if the award of attorney’s fees is not

 dependent upon the outcome of the appeal of the rulings on the substantive issues.

 See Swink v. Weintraub, 195 N.C. App. 133, 160, 672 S.E.2d 53, 70 (2009).

¶ 13 We also note Balawejder had some procedural irregularities and defects in the

 record and the specific statutory and factual basis for the award of attorney’s fees in

 Balawejder was not noted in our opinion and, therefore, could not have been a factor
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

in this Court’s analysis and decision in that opinion. See generally Balawejder, 216

N.C. App. 301, 721 S.E.2d 679. In Balawejder, the trial court’s order addressed issues

of modification of child custody and child support but, as noted, the basis upon which

the trial court ordered the attorney’s fees is not identified in the opinion. Id. at 304,

721 S.E.2d at 681. In addition, the plaintiff in Balawejder claimed to be appealing

from a “‘Memorandum of Judgment/Order entered by Rebecca Thorn Tin, District

Court Judge, entered on July 2010 [sic] that awarded Defendant attorney’s fees in

this Matter,’” but no such order was included in the record. Id. at 319, 721 S.E.2d at

690. Instead, the record included an attorney’s fees order entered on 1 October 2010,

from which the plaintiff had not given proper notice of appeal. Id. Nonetheless, the

Balawejder Court stated that the award of attorney fees in that case was based upon

the plaintiff being the “prevailing party.” Id. at 320, 721 S.E.2d at 690. This Court’s

decision in Balawejder—holding that if the award of attorney’s fees is predicated on

the party to whom the fees were awarded prevailing on appeal, the exception to the

general rule, both of which are set forth in N.C. Gen. Stat. § 1–294, does not apply—

is consistent with the analyses in McClure and other cases cited above. Id. Having

found that the basis for the award of attorney’s fees in Balawejder was dependent on

the outcome of the appeal from the underlying substantive order, this Court further

determined, in accordance with N.C. Gen. Stat. § 1–294, that the trial court had been

divested of jurisdiction by the appeal of that prior order. Id.
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

¶ 14 We hold “under the controlling reasoning of McClure, Gibbons, [] Brooks,” Safie

 Mfg. Co., Herring, Hinson, Green, Cox, and other opinions herein cited, that it is only

 when “an award of costs is directly dependent upon whether the judgment is

 sustained on appeal[,]” that, under N.C. Gen. Stat. § 1–294, the “trial court lacks

 jurisdiction to enter an award of costs . . . once notice of appeal has been filed as to

 the [underlying] judgment.” Swink, 195 N.C. App. at 160, 672 S.E.2d at 70.

 Therefore, the question relevant to the analysis in this case is whether the award of

 attorney’s fees to Mother under N.C. Gen. Stat. § 50-13.6 constituted a “matter

 included in the action and not affected by the judgment appealed from.” N.C. Gen.

 Stat. § 1-294. Nothing in the plain language of the statute suggests a determination

 that an interested party has acted in good faith or has insufficient means to cover the

 costs associated with the action are determinations contingent on the ultimate

 outcome of an appeal, by either party, from the underlying judgment. Id. In prior

 cases, awards of attorney’s fees under N.C. Gen. Stat. § 50-13.6 have been upheld

 even for the party who did not prevail at trial. See Burr v. Burr, 153 N.C. App. 504,

 570 S.E.2d 222 (2002). For example, in Burr, this Court affirmed in part an order

 awarding attorney’s fees to the defendant, who was not the prevailing party. Id. at

 506, 570 S.E.2d at 224. In Burr, the trial court awarded custody to the plaintiff and

 ordered the defendant to pay child support, but also ordered plaintiff, the prevailing

 party, to pay defendant’s attorney fees as to the child custody and support claims. Id.
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

 at 506–07, 570 S.E.2d at 224.

¶ 15 Burr helps demonstrate that the clear intent of N.C. Gen. Stat. § 50-13.6 is to

 allow the trial court the discretion to ensure one parent in a custody action will not

 have an inequitable advantage over the other parent—based upon a parent’s inability

 to afford qualified counsel. See Id. at 506, 570 S.E.2d at 224. North Carolina General

 Statute § 50-13.6 concerns leveling the field in a custody action by ensuring each

 parent has competent representation. N.C. Gen. Stat. § 50-13.6. The trial court’s

 authority to award attorney’s fees under N.C. Gen. Stat. § 50-13.6 does not depend

 upon who “wins” any particular ruling in a custody proceeding. See Burr, 153 N.C.

 App. at 506, 570 S.E.2d at 224 (“Plaintiff here argues that because defendant did not

 prevail at trial, the award of attorney’s fees to defendant was improper. We

 disagree.”). This Court in Burr, citing our Supreme Court, recognized two findings

 the trial court must make to award attorney’s fees under N.C. Gen. Stat. § 50-13.6:

 Th[e] award of attorney’s fees is not left to the court’s
 unbridled discretion; it must find facts to support its
 award. See Stanback v. Stanback, 287 N.C. 448, 215 S.E.2d
 30 (1975), Hudson v. Hudson, 299 N.C. 465, 263 S.E.2d 719
 (1980). Specifically, the trial court was required to make
 two findings of fact: that the party to whom attorney’s fees
 were awarded was (1) acting in good faith and (2) has
 insufficient means to defray the expense of the suit.
 Hudson, 299 N.C. at 472, 263 S.E.2d at 723. “When the
 statutory requirements have been met, the amount of
 attorney’s fees to be awarded rests within the sound
 discretion of the trial judge and is reviewable on appeal
 only for abuse of discretion.” Hudson, 299 N.C. at 472, 263
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

 S.E.2d at 724.

 Burr, 153 N.C. App. at 506, 570 S.E.2d at 224.

¶ 16 In Wiggins, the plaintiff argued that, after the appeal of the order denying the

 plaintiff’s motion for civil contempt in a custody action, the trial court was without

 jurisdiction to order attorney’s fees under N.C. Gen. Stat. § 50-13.6, “because [the]

 defendant was not both the moving and prevailing party[.]” Wiggins, 198 N.C. App.

 at 696, 679 S.E.2d at 877. This Court concluded:

 If the proceeding is one covered by N.C. Gen. Stat. § 50-
 13.6, as is the case here, and the trial court makes the two
 required findings regarding good faith and insufficient
 means, then it is immaterial whether the recipient of the
 fees was either the movant or the prevailing party. Thus,
 we hold the trial court had statutory authority to award
 fees to defendant in this case.

 Id. at 696–97, 679 S.E.2d at 877 (emphasis added).

¶ 17 In this case, the trial court made extensive findings of fact in the Fee Order,

 which are not challenged by Father, and thus binding on appeal. In re Schiphof, 192

 N.C. App. 696, 700, 666 S.E.2d 497, 500 (2008). The trial court also made the

 following unchallenged ultimate findings and conclusions, which are supported by

 the findings of fact:

 Pursuant to N.C.G.S. § 50-13.6 and applicable North
 Carolina case law, []Mother is an interested party, acting
 in good faith, and lacks sufficient means to fully defray the
 costs of litigation in relation to her Motion for Contempt,
 and she therefore is entitled to an award of attorney’s fees
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

 incurred in connection with her Motion for Contempt.

¶ 18 None of the necessary findings made by the trial court were dependent on

 Mother’s success at trial, and none will be affected by our decisions in Father’s appeal

 of the underlying custody order in COA19-866. Since the award of attorney’s fees in

 the Fee Order was not dependent upon the outcome of the contempt proceeding in the

 underlying custody action, Father’s appeal of the Custody Order in COA19-866 did

 not divest the trial court of jurisdiction to enter the Fee Order granting Mother

 attorney’s fees under N.C. Gen. Stat. § 50-13.6. N.C. Gen. Stat. § 1-294; N.C. Gen.

 Stat. § 50-13.6; Burr, 153 N.C. App. at 506, 570 S.E.2d at 224; Wiggins, 198 N.C. App.

 at 696–97, 679 S.E.2d at 877. The trial court, having retained jurisdiction to award

 Mother attorney’s fees under N.C. Gen. Stat. § 50-13.6, even after the appeal in

 COA19-866 was filed and perfected, conducted a hearing and entered the Fee Order

 including the unchallenged ultimate findings and conclusions that Mother, an

 interested party, acted in good faith and lacked sufficient means to defray the costs

 of litigation. These findings were sufficient to support the award of attorney’s fees

 under N.C. Gen. Stat. § 50-13.6. For the reasons discussed above, we hold that the

 trial court had jurisdiction to enter an award of attorney’s fees under N.C. Gen. Stat.

 § 50-13.6 after Father appealed the order in COA19-866, and Father fails to

 demonstrate any error in the Fee Order. We therefore affirm.

 AFFIRMED.
 BLANCHARD V. BLANCHARD

 2021-NCCOA-487

 Opinion of the Court

Judges ZACHARY and GORE concur.